CITY OF NEW ORLEANS *v.* THE COMMISSIONERS OF THE ESTATE OF JOHN McDONOGH.

The commissioners are the mandataries of the cities of New Orleans and Baltimore, and derive no power from the will of the testator. (See case of *Society for relief of Orphan Boys* v. *New Orleans and Baltimore*, 12 An. 62.)

The commissioners and agents cannot stand in judgment for the cities without the authorization of the latter.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

    *F. C. Laville* and *C. Morel*, for plaintiff and appellant.   *P. E. Bonford*, for defendants.

SPOFFORD, J.   It has been decided that the cities of New Orleans and Baltimore are the universal heirs of *John McDonogh.*

They are, therefore, co-proprietors of the property of the succession situated in New Orleans; each city is owner of an undivided moiety.

The commissioners and agents have no powers independent of the cities whose mandataries they are.   They represent nobody but the cities which appointed them, and derive their authority, not from the will of *John McDonogh*, but from their principals, whose instructions they must obey.   *Society for relief of Orphan Boys* v. *New Orleans and Baltimore*, 12 An. 62; *Howard & Mayer* v. *New Orleans and Baltimore*, 12 An.

The city of New Orleans sued the *commissioners* alone for municipal taxes upon the whole of this property.   The suit was dismissed.

The argument for the appellants, filed in this court, discloses a sufficient reason for affirming this judgment.   It is stated in that argument that "the cities of New Orleans and Baltimore have no interest in and are not parties to this suit."

The commissioners and agents cannot stand in judgment for the cities without the authorization of the latter.   No such authority appears in this case. They do not represent in any manner the beneficiaries who for a time are to share in the revenues of the *McDonogh* estate.   The tax bills are not made out against those beneficiaries, and they have had no notice of this action.

It is plain that, so far as the city of New Orleans is concerned, it would be an idle ceremony for the city to tax itself; such a claim would be instantly extinguished by confusion.

There is no such *contestatio litis* between proper parties as to enable us to decide whether the city of New Orleans has the right to tax the interest of its co-proprietor, Baltimore, in the property common to both.

    Judgment affirmed.