THE BOARD OF REGENTS FOR NORMAL SCHOOL DISTRICT No. 3 v. PAINTER, *Appellant.*

1. Dedication. It does not require the existence of a corporation in which to vest the title of land dedicated by its owner to public use.

2. ———. A dedication of land to public use will be valid without any specific grantee in existence at the time it is made.

3. ———. The public is an ever-existing grantee capable of taking a dedication to public uses.

4. ———: DIFFERENT LEASE. Where a deed conveyed certain parcels of land to the inhabitants of a town "collectively, for their use, benefit and behoof forever," a particular lot of which was "destined for the establishment of a public school," the several

parcels to be forever " appropriated to the public uses " to which they were devoted and never to become private property, the town as a corporation may control and regulate the property, but cannot convey the lot set apart for a public school for the benefit of one of three normal schools of the state established by law for the primary purpose of training and educating public school teachers, located in the town but not on the lot in question.

5.      —— : ——.  Such normal school is not a " public school" within the meaning of the deed of dedication.

6.      —— : ——.  Where land has been dedicated to specific, limited and defined purposes, the subject of the grant cannot be used for another and a different purpose.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. ROBERT L. WILSON, Judge.

REVERSED.

*Frank E. Burrough* for appellant.

Where there is a deed to a trustee for a charity, as in this case, the property cannot be diverted by the trustee; and the grantee of such trustee takes no title. It is a limitation upon the power of conveyance, and is self-enforcing.  *McRoberts v. Monday*, 19 Mo. App. 26. The deed to the normal is void : *First.* The deed to the town contains a prohibition against alienation. *Second.*  By virtue of the deed to the normal the intent of the grantors is frustrated and contravened, and the trust is perverted.  The normal is not a " public school" as meant by grantors.  There were no normal schools in Missouri in 1820 when the Lorimier deed was made. The normal is a state institution, managed by state officials, with state funds.  It is territorially one-third of the state.  Its avowed purpose, by law and in fact, is to educate, not children, but teachers.  R. S. 1879, secs. 7155, 7159, 7167.  The normal was already established when the deed from city was made, and not on the land granted.

VOL. 102—30

466        SUPREME COURT OF MISSOURI,

Bd. of Regents, Normal School Dist. No. 3 v. Painter.

*B. F. Davis* for respondent.

There has been no breach of the condition subsequent expressed in the Lorimier deed. The deed from the city of Cape Girardeau to respondent, and the city ordinance authorizing the same, seek to carry out the purpose of the Lorimier deed, as to the land in issue, by aiding the establishment of respondent's normal school in the city of Cape Girardeau. The Lorimier deed does not, by the clause, " which lot is destined for the establishment of a public school," require the school to be located on the land in issue. The land may be rented and its rents devoted to the school without violating the condition of the Lorimier deed. The land has not become private property by virtue of the city's deed to respondent. The normal school is a public school. *State v. Osborne*, 24 Mo. App. 309. Respondent's normal school was established by Laws of 1873, page 39.

BLACK, J.—The plaintiff as a body corporate brought this action of ejectment to recover out lot H in the city of Cape Girardeau. The lot in question is the eighth and last parcel of land described in the following deed, dated the eleventh of September, 1820 : " Be it remembered that the undersigned heirs and legal representatives of Louis Lorimier, deceased, namely, Louis Lorimier, Daniel F. Steinback, Victor Lorimier and Thomas S. Rodney as guardian of Thomas Jefferson Rodney and Polly Rodney, for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged and for divers other good considerations and more particularly for the convenience and encouragement of the inhabitants of the town of Cape Girardeau and owners of lots in or near the same, have given, granted, sold, aliened, quitclaimed and conveyed, and they do hereby give, grant, sell, alien, quitclaim, convey and confirm unto the inhabitants of the town aforesaid collectively, for their use, benefit and behoof forever, the

VOL. 102, OCTOBER TERM, 1890.      467

Bd. of Regents, Normal School Dist. No. 3 v. Painter.

several lots or parcels of land hereinafter described, viz.: *First.* The place known and designated in the plan of said town as the Public Square, bounded  *  *  *. as originally laid off and containing four acres. *Second.* Lot number 22, in range C, bounded  *  *  * including a spring. *Third.* Lot number 22, in range A, bounded  *  *  *. *Fourth.* All the vacant space between the river Mississippi and the front of ranges A, B, G and H, designated on the map by the name of Front street or Aquamsi; and generally all the ground appropriated to streets and alleys throughout the whole town, as represented in the plan thereof. *Fifth.* The space on the river above the town, in front of out lot number 1, containing two acres and a half more or less. *Sixth.* A hundred feet square in out lot number 2 and adjoining North street, so as to afford a convenient access to the spring used in that part and to include said spring. *Seventh.* Six acres of land ( as laid off in the map of out lots ) situated part in out lot number 2 and part in out lot number 32 and now used as a graveyard; with the condition that the western half thereof shall be and remain appropriated to the Roman Catholic Church. *Eighth.* An out lot marked h containing about three acres and a quarter, bounded eastwardly by Pacific street and westwardly by John Scripp's purchase of six acres, on the north by out lot g and on the south by out lot i, which lot, including a large spring, is destined for the establishment of a public school. Together with all and singular the right, title,  *  *  *; provided always that the several tracts or parcels of land granted to the town of Cape Girardeau and the citizens thereof shall remain forever affected and appropriated to the public use to which they are respectfully intended; and that they, or any part of them, shall never become private property. In testimony whereof," etc.

The plaintiff put in evidence the foregoing deed, and an ordinance of the city of Cape Girardeau, approved the twenty-fourth of September, 1873, which provided:

"That the mayor of the city of Cape Girardeau be and he is hereby authorized to offer to donate to the regents of the Southeast Missouri Normal School said described lot as an additional inducement to locate said school in said city, and he is authorized to make a deed to said regents of said normal school under the seal of said city, turning over, confirming and quitclaiming all right of the city to said lot to said regents of said school for said purpose, always provided said Southeast Missouri Normal School shall be located in the city of Cape Girardeau and which said lot may be sold and disposed of as the said regents may see proper, to further the erection of the buildings necessary for said school within said city."

Also a deed dated November 13, 1873, executed pursuant to said ordinance, and purporting to convey lot H to the regents of the Southeast Missouri Normal School.

The plaintiff produced further evidence to the effect that the school was located in the city of Cape Girardeau in 1872 or 1873. The same evidence shows that the building was not located on the lot in question, but in another and different part of the city. Mr. Painter, the defendant, testified on the part of the plaintiff that he had been in possession of the lot for about ten years, that he made no claim of title to the premises and that they were of the rental value of three dollars per acre per annum. This was all of the evidence produced, and on it the court gave judgment for the plaintiff.

The defendant objected to the deed from the city of Cape Girardeau to plaintiff, assigning as a reason therefor, that, under the terms of the deed from the Lorimier heirs to the inhabitants of the town, the present city of Cape Girardeau had no power to convey the premises to the plaintiff and that the deed was therefore void. This objection was overruled, both when the deed was offered in evidence and again by instructions given and refused. If the objection is well taken it disposes of this appeal.

The deed from the Lorimier heirs was made, it will be seen, in 1820. It may be that the town of Cape

Girardeau had then been incorporated under territorial laws, but there is no evidence upon that subject in the record.   We are not even informed by the record or briefs when or by what law the present city of Cape Girardeau was incorporated.   We shall, however, assume that it is an incorporated city with the usual governmental powers and that it has power to hold real property and to sell the same when not dedicated to some particular use.   Again the defendant in his brief says he is defending this case in the interest of the local public schools, but we find nothing to that effect in the pleadings or in the evidence.   In short the case is before us on a very unsatisfactory record.

The owner of lands may devote and dedicate them to public use ; and it is now well settled law that a dedication of lands to public use does not require the existence of a corporation in which to vest the title. Such a dedication will be valid without any specific grantee in existence at the time the dedication is made. The public is an ever-existing grantee, capable of taking a dedication for public uses. *Rutherford v. Taylor*, 38 Mo. 317 ; *Trustees v. Council of Hoboken*, 33 N. J. L. 16.   The deed of the Lorimier heirs may, therefore, have full force and effect as a dedication of the various parcels of land therein described to public use, though the inhabitants of the town were not at the date thereof incorporated.

The Lorimier heirs by their deed conveyed the various parcels of land "to the inhabitants of the town aforesaid, collectively, for their use, benefit and behoof forever ;" and of the particular lot now in question the deed says, "which lot including a large spring is destined for the establishment of a public school."   There is the further clause to the effect that the several parcels of land "shall remain forever affected and appropriated to the public uses" to which they are devoted, and shall "never become private property."

It is clear from these clauses of the deed that the donors intended that this lot should be forever used by the inhabitants of the town for the establishment of a public school; that the lot itself should stand affected with and appropriated to that use, and that it should never become private property. Conceding that the present city of Cape Girardeau has invested in it as a corporation the right and power to manage and control this property, still it does not follow that it has the power to alien or convey the same. With the concession just made the city is but a trustee to manage the property for the uses and purposes to which it was devoted by the donors. It may control and regulate the use of the property, but it has no right to devote the same to private uses, or even to public uses different from those specified in the deed. *Cummings v. The City of St. Louis*, 90 Mo. 259. Where land has been dedicated to specific limited and defined purposes, the subject of the grant cannot be used for another and a different purpose. *Price v. Thompson*, 48 Mo. 361, citing with approval *Warren v. The Mayor of Lyons City*, 22 Iowa, 351.

But the plaintiff insists that the city by conveying this property to the plaintiff is carrying out the very purposes for which the lot was set apart by the Lorimier deed, and that the normal school is a public school within the meaning of that deed.

This normal school was established under the act of March 22, 1873 ( Acts of 1873, p. 79 ), and is conducted under the provisions of article 3 of chapter 150, Revised Statutes, 1879. It is one of the three normal schools established in this state, the state being divided into three districts for such purposes. Section 7167 provides that the board of regents shall require applicants for admission "to sign and file with the secretary of the board a declaration of intention to follow the business of teaching in the public schools of the state. These schools, it will be seen, were established for the primary

purpose of training and educating school teachers. While they are supported, in the main, from the public treasury and are part of the school system of this state, still we think it is clear they are not public schools within the meaning of the Lorimier deed. The grantors therein say they made it "more particularly for the convenience and encouragement of the inhabitants of the town of Cape Girardeau and of the owners of lots in and near the same."

The donors did not set this lot apart for the benefit of a few persons who might elect to follow a particular calling, but they intended it to be appropriated to a school which would be open to all, regardless of any declared intention to follow a particular avocation. That a school established in conformity with the Lorimier deed may be under the control of the laws concerning public schools we have no doubt; but we are also of the opinion that the donors used the words "public school" in a general and popular sense, and by it they meant a school which would be open to all of the inhabitants of the town. This being so the city had no right or power to convey the lot to the plaintiff. It could no more convey the lot to plaintiff than it could the other parcel called a public square. As said in *Trustees v. Council of Hoboken, supra,* when speaking of the powers of local authorities: "They cannot sell the lands so dedicated, nor release nor extinguish the use for which they were dedicated, nor employ them in any way variant from the purposes for which they were designed."

Our conclusion is that the deed from the city to the plaintiff was an effort on the part of the city to devote this property to purposes other and different from that contemplated by the donors, and that the deed is worthless and conveyed nothing. The city has no power to donate this property to plaintiff. The judgment is, therefore, simply reversed. All concur.