PROVOSTY, J.
[1] Certain persons to whose rights the plaintiff in this suit has succeeded made a donation to the defendant company of a certain lot of ground, the act of donation containing the following clause:
“The purpose for which this donation is made is in order that the donee shall construct thereon a sugar refinery and such buildings, constructions and works as may be necessary, expedient or desirable in and for the accomplishment of said purpose, it being well understood that should the donee herein fail to use the lands herein donated for the purpose herein mentioned, that the said lands revert to the donor.”
The refinery was constructed, and was operated for some years, until the greater part of it was destroyed by fire. The defendant company then dismantled and sold such parts of the machinery as had not been injured beyond repair. This and other circumstances indicate clearly that all idea of reconstruction has been abandoned. The defense seriously relied upon is that the above-transcribed condition does not call for operation, nor for a reconstruction. We think differently. The evidence shows that the donors are producers of cane in the neighborhood on a large scale, and that the motive of the donation was to have a factory near by to which the cane might be sold. The condition of the donation not being fulfilled, the right to revoke it is clear. Voinehe v. Town of Marksville, 124 La. 714, 50 South. 662.
Defendant claims that it should be paid by plaintiff the value of the buildings and other constructions upon the land, because its possession was in good faith. On the other hand, plaintiff claims that defendant has to be likened to a possessor in bad faith, since it knew all the time that its tenure was subject to the above-mentioned condition, and since the nonfulfillment of this condition, as an effect of which the property reverts to the donor, has been voluntary.
[2] Plaintiff conferred the ownership upon defendant, and defendant accepted it, and put the constructions upon the property — all in perfect good faith. Defendant cannot therefore be likened to a possessor in bad faith. • Hence the articles of our Code relating to possessors in bad faith (article 3452) have no application to the case. On the other hand, defendant cannot claim the benefit of those provisions relating to possessors in good faith (article 3451), because the posses'sor to whom those articles have reference is one who believes himself to be unconditionally owner. In the latter aspect, the possession which defendant had was somewhat analogous to that of the usufructuary who possesses in perfect good faith, yet at the termination of the usufruct may not make any claim for improvements put by him upon the property. C. C. art. 594. The analogy is not com *513 píete, because- the usufructuary is expected to hold the property in the condition in which he gets it; whereas, the property in this case was given to defendant for the very purpose of these improvements being put upon it. The Code seems to have made no provision for a case of this kind; and we find no precedent in our or the French jurisprudence. We shall therefore decide the matter according to what appears to us to be the equity of the situation (C. C. art. 21), and according to the maxim that “no one ought to enrich himself at the expense of .another” (C. C. art. 1965). Plaintiff is in no wise at fault; and by no act of its own has it contributed to bringing about the complication from which the parties must now be extricated; whereas, the defendant is at fault, and has alone created this situation. We will leave to defendant the option of removing whatever part of the buildings and improvements it chooáes to take away, and require the plaintiff to pay to defendant for those that may be left on the land to the extent that the' value of the land may be thereby enhanced. Not the cost of the improvements, nor their value; but the amount to which their presence on the land may enhance the value of the land.
The judgment appealed from is therefore affirmed in so far as it annuls the donation, and it is set aside in so far as it gives to plaintiff the option of keeping the improvements or of requiring defendant to remove them; and the case is remanded for allowing the trial court to fix, after hearing evidence, the time within which the defendant shall remove from the land in question those parts of the improvements put-by defendant thereon which defendant may choose to remove, and to fix thereafter the amount which plaintiff shall be required to pay defendant for the enhancement of the Value of the said land by reason of the improvements left thereon by defendant. The plaintiff to pay the costs of this appeal, and the defendant those of the trial court, both those already incurred and those which may be incurred in the future.
MONROE, C. J., takes no part, not having heard the argument.