(136 So. 296)

**WILKIE et al. v. WALMSLEY, Mayor, et al.**

No. 31181.

June 22, 1931.

Rehearing Denied July 17, 1931.

Henry & Cooper, of New Orleans, for appellants.

Michel Provosty, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellees.

ST. PAUL, J.

The De Paul Sanitarium, a private institution, owns (among others) two whole squares of ground facing Coliseum street, between Henry Clay and Calhoun streets. The city of New Orleans, by ordinance No. 12775 C. C. S., has authorized its mayor to exchange that portion of Coliseum street separating said two squares, for other property belonging to the sanitarium, and necessary for the widening of Apricot street.

The plaintiffs are property owners and residents of the neighborhood, and seek to enjoin the execution of the ordinance. The plaintiffs do not (and manifestly could not) claim that the closing of Coliseum street denies them ingress to and egress from their property; hence there is nothing in this case which savors of depriving them of their property without due process of law. Accordingly the trial judge refused them an injunction, and they have appealed.

## I.

■ .Act No. 83 of 1916 provides that cities, towns, and villages may exchange property, including streets, with other property owners in order to lay out new streets. And in our opinion the widening of an existing street is the opening of a new street within the meaning of the statute. Otherwise the relocating and straightening of an existing street would be a process far more difficult and complicated than locating a new street, which in all reason it should not be.

## II.

■ Two of the plaintiffs have bought an alleged interest in the street to be closed from some of the heirs of the original owner of the tract of land. But they took nothing by their deed. Where a grantor of land reserves in the grant the return of the land when the public use ceases it is one thing (Voinche v. Marksville, 124 La. 712, 50 So. 662), but when he has made no such express reservation, he parts absolutely with all title to the land given to public use, and whatever may become thereof he and his heirs have no further interest in such land. Livaudais v. Municipality, 16 La. 509, 515.

## III.

■ As to the proposition that because the city has reserved certain rights, as to sewerage and water mains, over said Coliseum street, therefore said street is necessary for the public, it is sufficient to say that to the extent that it is necessary it has been reserved.

## IV.

■ As to the proposition that the exchange violates the general zoning ordinance, it suffices to say that the two have no connection. There is no suggestion either in the ordinance or elsewhere that the sanitarium is

given authority or intends to violate any zoning law now existing.

### Decree.

The judgment appealed from is therefore affirmed.