44 So.2d 321

BOARD OF TRUSTEES OF COLUMBIA ROAD METHODIST EPISCOPAL CHURCH OF BOGALUSA, et al. v. RICHARDSON.

No. 38995.

Dec. 9, 1949.

Rehearing Denied Jan. 9, 1950.

Fred G. Benton, R. C. Cadwallader, Glenn S. Darsey, Baton Rouge, L. A. Himes, Baton Rouge, and Talley & Anthony, Bogalusa, for plaintiff-appellee.

Richardson & Richardson, Bogalusa, and Lansing L. Mitchell, New Orleans, for defendant-appellant.

Paul B. Habans, Louis C. Guidry, Henry Grady Price, Taylor Caffery, New Orleans, T. W. Holloman, Alexandria, Clement M.

Moss, Lake Charles, C. A. Barnett, Ruston, John B. Smullin, Allison R. Kolb, Baton Rouge, amicus curiae.

FOURNET, Chief Justice.

This jactitation or slander of title suit instituted by the Board of Trustees of the Columbia Road Methodist Church of Bogalusa, Louisiana, Baton Rouge District, and two of the trustees, against William P. "Pink" Richardson, who had donated the property allegedly slandered to the church, is before us for consideration of the appeal taken by the defendant from a judgment in favor of the plaintiffs, decreeing them to be the true and lawful owners of the property and as such entitled to full and undisturbed possession thereof.

According to the record William Pinkney Richardson, on May 28, 1938, appeared before a notary public and executed an act donating to the Columbia Road Methodist Episcopal Church, South, of Bogalusa, Louisiana, a strip of land 60' x 160' fronting on the main street in Bogalusa, Louisiana. In this deed were contained the following stipulations:

"The said William Pinkney Richardson further declared that this donation is made for the purpose and sole consideration of erecting a Methodist Church for a place of worship and that it is hereby understood and agreed between the parties hereto, and the said donee specially obligates itself to erect a church building upon the said above

described property within one year from this date, otherwise, and in this event only, this said act of donation to become null and void and of no effect without the necessity of putting in default or any action on the part of the donor whatsoever, and the said above described parcel or lot of land to revert back immediately, with full rights of possession 'to the donor, William Pinkney Richardson, his heirs or assigns, free from all encumbrances whatsoever.

"It is further understood and agreed by the parties hereto that this act of donation is made in trust, that said premises shall be used, kept, maintained and disposed of, as a place of divine worship for the use of the ministry and membership of the Methodist church, South, subject to the discipline, usage and ministerial appointments of said Church, as from time to time authorized and declared by the General Conference of said Church, and by the Annual Conference within whose bounds the said premises are situated."

Subsequently, it becoming apparent that the building on this donated land could not be completed within the year stipulated in the act and that the Board of Church Extension would not lend or donate any money to assist in its completion so long as the provision remained requiring its construction within this time to prevent the reversion of the land to the donor, and upon the importuning on the part of the then pastor and the then district superintendent, as well as the members of the congregation, Rich-

ardson appeared before another notary on December 27, 1938, and executed an act amending the act of donation by expressly deleting therefrom the first above quoted paragraph.

While all of the money promised the church by the Board of Church Extension was never actually received, with such money as the board did give and as was raised by the congregation, the building, though never completed and finished, progressed to a point where it could be used for church purposes and the record does show that services were held in the building for a number of years. The war intervened, making it difficult to secure labor and materials, but the congregation continued its efforts to raise the necessary funds to finish the church and it appears that a considerable sum had been raised toward this end when the Board of Trustees of the church, without notice to the congregation, purchased another lot two blocks from the property in controversy, using the money that had been accumulated by the members who were anxious to have the church completed. It also appears that the trustees then undertook to sell the property donated by Richardson, inserting the following advertisement in a local newspaper:

"For Sale—Excellent business location, brick building, 40 x 90 ft. on lot with 60 ft. frontage on Columbia Street, and 160 feet on St. Louis Street, suitable with slight alterations for practically any business use. Property at present occupied by Columbia

Road Methodist Church. Negotiations are to be by sealed bids only; stating price offered and proposed use of building. The right of inspection of property and title will be granted upon request. All bids will be subject to approval by the Board of Extension of the Methodist Church, with the right reserved to reject any or all bids submitted. Address all communications to: Mr. Louis Mitchell, secretary, property committee, 729 Avenue B, Bogalusa, La."

The defendant offered prompt objection, claiming that the sole consideration for the donation of this lot was the erection and maintenance of a church thereon and that if the committee persisted in its effort to sell the property for business purposes, the title would revert to him. As a warning to the public, he caused to be inserted in the same paper the following advertisement:

"Notice To The Public—Before you buy Columbia Road Methodist Church, see W. P. 'Pink' Richardson, the man who donated the ground for the church site and religious worship and get some information. Phone 193 W. W. P. 'Pink' Richardson."

The Board of Trustees of the church, meeting thereafter in closed session, authorized the institution of this suit, in which they pray that the defendant be ordered to desist from slandering their title or set up title in himself. Answering, the defendant prays that an injunction issue maintaining the property as a place of divine worship, and, in the alternative, that the donation be revoked and dissolved by reason of the donee's failure to fulfill the conditions of the donation.

It is the contention of the plaintiffs that when the defendant executed the instrument of December 27, 1938, amending the original donation by deleting therefrom the first above quoted paragraph, he thereby relinquished his reversionary rights and the property became vested in the church in absolute ownership, and that the second paragraph above quoted is not a charge or condition on the property, but a trust clause that was placed in the act under church regulations; that such clause is for the personal benefit and interest of the church and merely indicates the purpose for making the donation.

On the other hand, the defendant contends the donation was charged with the condition that a church be built and maintained on the premises and that he was entitled to have this status maintained, or, in the alternative, to have the deed revoked for the nonperformance of the condition.

█ The defendant, in making the donation of this property to the church, had the right to "impose on the donee any charges or conditions he" pleased, provided they contained "nothing contrary to law or good morals", Article 1527 of the Revised Civil Code, and such donation was subject to revocation and dissolution by the donor on account of the "nonperformance of the conditions imposed on the donee", Article 1559, in which case "the property shall return to the donor free from all encumbrances."

Article 1568. See, also, Voinche v. Town of Marksville, 124 La. 712, 50 So. 662, and Segura Realty Co. v. Segura Sugar Co., 145 La. 510, 82 So. 684.

As pointed out in the Voinche case [124 La. 712, 50 So. 663], "It is a principle of civil-law jurisprudence that the donee is bound to execute the charges or obligations imposed on him by the act of donation in the same manner and to the same extent as the debtor in any ordinary contract."

We think the record unmistakably shows that the motive or consideration for Richardson's donation of this property was, as stated in the original deed, "for the purpose and sole consideration of erecting a Methodist Church for a place of worship," and while the condition in the deed that this church had to be completed in a year under penalty of the donation becoming ipso facto null was deleted for the reasons hereinabove stated, a mere reference to the document by which this deletion was accomplished will show that the motive for the donation and the conditions imposed upon the donee were never relinquished, but remained the sole consideration for the donation, for in that instrument is contained the following stipulation: "* * * it being the object and intention of this donation or correction or deed of correction to eliminate the aforesaid paragraph that was objectionable to the Board of Church Extension and the authorities of the Methodist Episcopal Church, South, and *it being* the desire of the said *William Pinkney Richardson that there be nothing in the title that would hinder the forward movement of the church and the building of the said church."* (Italics ours.)

In fact, it is our opinion that the so-called trust clause that was placed in the deed, and which the plaintiffs claim was for the sole benefit of the church, supports this view, for in this clause it is not only specifically agreed and understood between the parties that the act of donation is made in trust, but "that *said premises shall be used, kept, maintained and disposed of, as a place of divine worship for the use of the ministry and membership of the Methodist Church, South * * *."* The clause qualifying this, i. e., "subject to the discipline, usage and ministerial appointments of said church, as from time to time authorized and declared by the General Conference of said Church, and by the Annual Conference within whose bounds the said premises are situated," can only be interpreted as a guide to the ministers and membership of the church in the use of the premises as a place of worship, and does not have the effect contended for by the plaintiffs. (Italics ours.)

It is true the Discipline of the Methodist Church requires that *"All deeds* by which premises are hereafter acquired for use as a place of divine worship shall contain the following trust clause: In trust, that said premises shall be used, kept, and maintained as a place of divine worship of

the Methodist ministry and members of The Methodist Church; subject to the Discipline, usage and ministerial appointments of said church as from time to time authorized and declared by the General Conference and by the Annual Conference within whose bounds the said premises are situated. This provision is solely for the benefit of the grantee, and the grantor reserves no right or interest in said premises." But even if this provision could be interpreted as having the effect contended for by the plaintiffs, it could not prevail in the face of the positive principles and provisions of our civil law. Besides, it does not appear that the plaintiffs complied with the stipulation that immediately follows this clause, i. e., that "Premises so acquired may be disposed of in conformity with the provisions of the Discipline of The Methodist Church when the use of such property as a place of divine worship has been terminated," for it was not shown that the use of the donated property as a place of worship was terminated in accordance with the procedure set out in the Discipline or that the provisions relative to its disposition were complied with. It is, moreover, interesting to note that the one preparing the deed for the donor eliminated the sentence in the so-called trust clause providing: "This provision is solely for the benefit of the grantee, and the grantor reserves no right or interest in said premises."

In the case of Board of Trustees of Ruston Circuit, M. E. Church, South v. Rudy, 192 La. 200, 187 So. 549, 550, the court, relying on the cases of Wilkie v. Walmsley, 173 La. 141, 136 So. 296, and Jaenke v. Taylor, 160 La. 109, 106 So. 711, observed: "It has been held that where the donor does not place such a reservation in the act of donation, the donee is granted a complete title", and concluded that inasmuch as the act whereby Rudy donated certain property to the church did not contain such a reversionary clause, the title was completely vested in the church by the first deed and that the stipulation that it was "to be used for religious purposes" was merely indicative of the motive for making the donation. This holding is not only at variance with our civil law, as hereinabove demonstrated, but it is also not supported by the authorities relied on by the author of the opinion and we will not, therefore, follow it.

It is our opinion that the plaintiffs are without right to dispose of the property as contemplated in their advertisement, or for any other purpose than that stated in the act of donation. And, inasmuch as it appears the property is still being used for the purposes for which it was donated and that its use as such has not been terminated, the defendant is not entitled to have the act of donation revoked.

For the reasons assigned, the judgment of the lower court is annulled and set aside and the suit of the plaintiffs is dismissed, at their cost.