REDMANN, Judge
(concurring in part and dissenting in part).
In my view there are some differences in treatment of land and cash legacies.

The Legacy of Land

“An action to assert an interest in immovable property” (whether based on a contract claim, a donation inter vivos, or the rescission of a legacy), by dictate of C.C.P. art. 80 “shall be brought in the parish where the immovable property is situated”.
Assuming that the executor is the proper party plaintiff[1] to revoke the legacy, the action is none the less one to assert an interest in the immovable.
Venue to revoke the immovable legacy is in Jefferson parish, to which this suit should be transferred, C.C.P. art. 932, and all other exceptions [2] should there be tried.

The Legacy of Cash

Venue is proper, since defendant is domiciled in the parish where suit was filed; C.C.P. art. 42.

Prescription

The action for the “nullity or rescission of * * * testaments” is prescribed by five years; C.C. art. 3542 [3] (emphasis added). Art. 1691, speaking of revocation by the testator, describes revocation as “particular when it falls on some of the dispositions only, without touching the rest.”
Art. 1567 provides “An action of revocation or rescission of a donation on account of the non-execution of the conditions imposed on the donee, is subject only to the usual prescription, which runs only from the day that the donee ceased to fulfill his obligations.” (Emphasis added.)
*334 Assuming that both legacies here are interpreted as subject to resolutory conditions, I conclude from these articles that the prescriptive period for revocation or rescission is five years.[4]
This period should run from the reasonable time by which the condition should be fulfilled.[5]
On the one hand, as the majority observes, where no time for performance has been specified, the law ordinarily implies a reasonable time, C.C. art. 2050. It is conceivable that such factors as population concentration, availability of the great amount of money necessary, and a myriad of other considerations might support a conclusion that the reasonable period for beginning performance has not yet even occurred. (If so, defendant should win on the merits.)
On the other hand, if the charge was intended to be fulfilled forthwith (while testatrix’s brother’s and sister’s names might still be recognized by churchgoers), then the reasonable time (at least to begin) was a brief period, determinable by such factors as time to draw plans, etc. And in this case the alternative plea of prescription may be valid, since 15 years is at least five years since the passage of the reasonable time so construed.
Accordingly, while I disagree on the venue question as to the immovable legacy (and on the executor’s right of action and non-joinder), and while I might prefer to suggest a Supreme Court re-examination of Richardson and Manson, I feel obliged to concur in holding a cause of action stated, and I do concur that evidence on the question whether a reasonable time has passed is necessary both to determine whether the legacies should be revoked for failure to meet the conditions and (if so) whether plaintiff’s claims have prescribed.

. It appears to me he is not. C.C.P. art. 681; Aubry & Rau, Testamentary Successions and Gratuitous Dispositions (La. Law Inst. trans. 1969), § 707a at p. 399 and § 727 at p. 522. The revoked legacy would belong to the residuary legatees, and whether or not they claim the legacy is none of the executor’s business. His job is to execute the testament, C.C. art. 1672. The residuary legatees are the proper plaintiffs, and all should be joined, C.C.P. arts. 641-644, irrespective of whether they are indispensable or necessary, since exception was filed, and whether or not they agree with plaintiffs’ position.

. Profound questions of fundamental immovable property law (see C.C. arts., e. g., 483, 490, 491, 456; also Yiannopoulos, Civil Law of Property, § 114 at pp. 345-346) besides those of testamentary interpretation (see Aubry & Rau, op. cit. § 727 at pp. 522-523), persist despite cases (difficult to completely distinguish) like Board of Trustees of Columbia Road Methodist Episcopal Church of Bogalusa v. Richardson, 216 La. 633, 44 So.2d 321 (1949) and Orleans P. Sch. Bd. v. Manson, 241 La. 1029, 132 So.2d 885 (1961), in both of which inter vivos land gifts were treated as revocable. Conceivably Cy-Pres, R.S. 9:2331, could be involved.

.The possible conflict between arts. 3542 and 2221 (establishing a ten year prescription) is not pertinent since art. 2221 relates only to “agreements”, while art. 3542 relates to both agreements and testaments.

. See Manson, supra n. 2, 132 So.2d at 889, n. 2; also see Louisiana note following n. 20 in Aubry & Rau, § 707a, p. 401.

. Perhaps steps towards fulfillment might interrupt this prescription, or even defeat the action for rescission; see Planiol, Civil Law Treatise (La.Law Inst. trans. 1959), III, § 2634.