IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30657
_____

JERON J. LAFARGUE;  SUSAN KYLE, on behalf of
themselves and all others similarly situated; RONALD
RICHARD, JR.; SEPTIME RICHARD, JR.; WINNIFRED
RICHARD CHAMPAGNE; SHARON RICHARD BIGGS;
SIDNEY J. RICHARD, JR., ARTHUR H. OWENS;
PRUDENCE LAFARGUE BURNS; HOPE RICHARD
SANSING; RICHARD WAYNE OWENS; SHAYNE OWENS
BELL; BARBARA VEEDER MCKOIN; CAROL VEEDER
WOMMER; DIANE SIMONS LOVELL,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; LOUISIANA
INTRASTATE GAS COMPANY, L.L.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-2393-R)
_____

October 13, 1999

ON PETITION FOR REHEARING

Before REAVLEY, JOLLY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Appellants have petitioned for rehearing and cite two Louisiana Supreme Court decisions

holding that a reversionary clause is not required to protect the interest of the donor when the

purpose of the donation is no longer met.  Those cases are: *Board of Trustees of Columbia Road*

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

*Methodist Episcopal Church of Bogalusa v. Richardson*, 44 So.2d 321 (La. 1950) and *Orleans Parish School Bd. v. Campbell*, 132 So.2d 885 (La. 1961). The donation in those cases placed an express condition or charge on the donee, which is not the case at hand.

We previously noted that, under Louisiana law, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050. The circumstances that distinguish our case from *Richardson* and *Campbell* are that (1) the donation in our case repeatedly states that the servitude conveyed is assignable and perpetual, and (2) the conveyance listed several express grounds for termination, including ten years of non-use, abandonment, and the failure of the government to commence construction of the "Strategic Petroleum Reserve pipeline" by December 1, 1981, but did not provide for a termination if the use of the pipeline changed after completion of the pipeline. In these circumstances, and reading the contract as a whole, we conclude that Louisiana law would not recognize an implied reversionary interest that is triggered when the use of the pipeline changes. We believe that the Louisiana courts would hold that, given the express grounds for termination, and the language stating that the servitude is otherwise perpetual and assignable, the servitude should revert to the donor (or his heirs) only for those reasons expressly stated. Louisiana law recognizes the maxim *expressio unius est exclusio alterius* – the expression of one implies the exclusion of others – in the construction of statutes and agreements. *Theriot v. Midland Risk Ins. Co.*, 694 So.2d 184, 187 (La. 1997); *Harper v. Citizens' Bank of Louisiana*, 25 So. 466, 468 (La. 1899).

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing en Banc (FED. R. APP. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.