48 361
102 340
102 470
48 361
50a 471
48 361
122 492

## T. D. PRICE et al., Respondents, v. R. O. THOMPSON et al., Appellants.

1. *Estoppel — Park — Land de'licated for common, cannot be diverted to other use, when.*—Certain land was by its proprietor laid off and dedicated to an incorporated town for the purposes of a public park. The statute was then in force (Wagn. Stat. 1328, § 8) under which the plat, when recorded, was made to vest the title of the property in the town, "in trust for the uses therein named, expressed and intended, and for no other use and purpose." *Held*, that persons who had purchased and improved adjoining lands on the faith that the park would ever remain a public one, might enjoin the trustees of the town from diverting the property from its original use and the purpose specified by the donor in the act of dedication, by causing public streets to be run through it.

The act of March, 1869, authorizing them to lay out streets and alleys, appointing commissioners to assess damages to property-holders, etc. (Wagn. Stat. 1315–16, § 7), gave them no such authority. The property was not acquired by right of eminent domain.

### Appeal from Linn County Common Pleas Court.

On the 27th day of May, 1869, appellants, as trustees of the town of Brookfield, passed an order extending Main street through a piece of ground which had been set apart on the plat of said town by.the donor as a park, and also ordering that part of said park on either side of said street, after the same had been opened, to be fenced. After said order was made, this proceeding was commenced by respondents, inhabitants and

property-holders in said town, in the Linn County Court of Common Pleas, against the appellants, as trustees of said town, to enjoin and restrain them from opening and extending said street through said park.

*G. D. Burgess*, for appellants.

The park being dedicated to the public by the party who laid out the town of Brookfield, the trustees had the right and power to open the street through it. It is unlike the taking of private property for public uses. In such cases compensation is required; but in cases like this, when public property is appropriated to public uses, no compensation is required. The Legislature of the State has the power to appropriate the park to any public use, and its power has been delegated to the town authorities by the act of March 2, 1869. This park being public property— it makes no difference how acquired, whether by gift, grant, or by the exercise of the right of eminent domain — the town authorities had the right to change one kind of its public use into that of another, so long as the property continued to be devoted to public use. (The People v. Kerr, 27 N. Y. 192–3, and authorities cited; Freeholders of Monmouth County v. Red Bank and Holmdel Turnpike Co., 3 C. E. Green, N. J., 91; 7 Am. Law Reg., N. S., 759; Ang. Highw., §§ 84–5; Radcliff's Ex'r v. Mayor of Brooklyn, 4 Comst. 195.)

This case is unlike that of Rutherford *et al.* v. Taylor *et al.*, 38 Mo. 317. In that case the County Court had sold, or was about to sell, public lots to private individuals who purchased them for the purpose of erecting business houses, etc., thereon. It is not contended that the town authorities of Brookfield have the power to sell or dispose of the park for any purpose, but simply that they had the power under the act of the General Assembly of March 2, 1869, as a police regulation, to open a street through it, and that it was no misappropriation thereof as long as it was used for the public. (The People v. Kerr, 27 N. Y. 192–3.)

*H. Lander*, for respondents.

The act of March, 1869 (Wagn. Stat. 1315–16, § 7), only contemplates cases where compensation can be made — that is, the taking of private property for public uses — and not the taking of public property for some other public purpose.

The town authorities had no constitutional power to unfix that which the original donor had already "named, expressed, or intended" by the terms of his grant. (Warner v. Mayor of Lyons City, 22 Iowa, 355, and cases cited; Rutherford v. Taylor, 38 Mo. 315.) The People v. Kerr, 27 N. Y. 192–3, is not like this case. The street in that case was acquired by the exercise of the right of eminent domain, and not by way of a dedication to a particular public use. So far as the rights of the private plaintiffs were involved in The People v. Kerr, the doctrine of that case is in direct conflict with the decision of our own court in Lackland v. North Mo. R.R. Co., 31 Mo. 180.

WAGNER, Judge, delivered the opinion of the court.

This is a petition for injunction. Plaintiffs state that the original owner of the land on which the town of Brookfield is situated, laid off and recorded a plat thereof, and particularly set forth, marked and designated thereon four acres of land as a "park;" that the fee to said park, by virtue of said plat, was vested in the town, in trust for the free use of all the inhabitants of the town as a common or public ground, and for no other purpose whatever; that the town inclosed the same with a good fence, gates, etc., and embellished the ground with trees, grasses and shrubbery for the purpose of a park; that the same has been and still is used for a park and for no other purpose; that plaintiffs have property with valuable improvements thereon now adjoining to and fronting on said park, which they purchased and improved upon the faith that the park was then and ever would remain a public park; that the defendants, in their capacity of trustees of the said town, were about to open the park, destroy the fencing, grasses and trees, and cause public streets to be run through the same, to the great damage of the

plaintiffs.   The defendants in their answer admitted the material statements charged in the bill, but by way of defense relied on an order of the board of trustees directing a public street to be opened through the park; alleged that the public necessities required the street to be so opened, and denied that any injury would result to plaintiffs by running the street as contemplated.

The court, upon a hearing of the case, made the injunction perpetual, and the defendants appealed.

The evidence for the plaintiffs substantially sustained the allegations in the petition, whilst the evidence introduced by the defendants went simply to show the amount of damages that the plaintiffs would suffer in consequence of opening the street.

The town of Brookfield was incorporated under the statutes of this State, and they provide that the maps and plats of cities, towns, villages and additions, made, acknowledged, certified and deposited with the recorder, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein named, described, or intended for public uses in such city, town or village when incorporated, in trust for the uses therein named, expressed, or intended, and for no other use or purpose.   (Wagn. Stat. 1328, § 8.)   When the town authorities ordered the opening of the streets through the park the act of March, 1869, was in force, which gives power to the boards of trustees in towns "to open and form public squares, avenues, drains and sewers, and to keep the same clean and in order; to locate and lay out new streets and alleys, and to widen streets heretofore laid out and opened in such town, and to appoint three (3) commissioners to assess the damages done to the property upon which such street or alley may be located."   (Wagn. Stat. 1315, § 7.)

It is obvious that the board of trustees derived no authority for their action from this last-quoted section, for they did not attempt to proceed under it, or comply with its provisions in reference to laying out streets and widening the same.   The park was public property; and whether they could divert it from its original use and the purpose specified by the donor in the act of dedication, is the question.   The property did not inure nor was it acquired by the exercise of the right of eminent domain.   There is no act

of the Legislature directing what use shall be made of the corporate property; and therefore the case of The People v. Kerr, 27 N. Y. 188, which is cited as the leading authority for the appellants, is not applicable.

The proprietor of the town in his plat, laid off, set aside and dedicated the four acres for the purposes of a public park. The statute declares that the plat, when recorded, shall vest the title of the property in the town, "in trust for the uses therein named, expressed, or intended, and for no other use or purpose."

In the case of Rutherford et al. v. Taylor et al., 38 Mo. 315, it was held that the owners of lots facing the square, who had purchased their lots upon the faith of the dedication of the square to public uses, might bring their bill to enjoin the erection of buildings upon the square by individuals. In that case the county, which possessed the fee to the lots in the square, had sold them to private individuals to build upon; but we decided that it would be an act of bad faith toward those who had purchased and improved property — relying upon the fact that the square was dedicated, appropriated, and would continue to be used, for the purposes of a public square—to allow these buildings to be put up.

In Abbott v. Mills, 3 Verm. 521, the dedication was of a public square left in a village, around which the inhabitants had built their houses; and it was held a sufficient dedication that the proprietors of the town had exhibited such a square upon the plan of the town, and had suffered persons to go on and incur expense in erecting their houses, although they had not marked off the same by monuments on the ground; and they were accordingly prohibited from making use of the land for purposes inconsistent with its use as public square.

So in Iowa the court fairly decided the question that when a portion of ground is dedicated by the original proprietors of a town or city for the purposes of a public square therein, the municipal authorities cannot sell the same or divert it to uses and purposes foreign to those for which the dedication was made. (Warren v. The Mayor of Lyons City, 22.Iowa, 351.) Nothing, I think, can be clearer than that if a grant is made for a specific, limited and definite purpose, the subject of the grant cannot be

used for another and a different purpose. The town took the premises as a trustee with the obligations attached, as well as the privileges conferred, and it was not competent for it to divert them to a use or purpose foreign to the expressed intention of the grantor.

The judgment should be affirmed. The other judges concur.