**CITIZENS FOR the PRESERVATION
OF BUEHLER PARK, et al.,
Plaintiffs–Appellants,**

v.

**CITY OF ROLLA, Missouri, et al.,
Defendants–Respondents.**

**No. 28083.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 2007.

Bruce A. Morrison, Kathleen G. Henry, St. Louis, MO, for Appellants.

John D. Beger, Rolla, MO, for Respondent.

John B. Randall, University City, MO, for Amicus Curiae.

Before PARRISH, J., RAHMEYER, P.J., and SCOTT, J.

PER CURIAM.

Appellants, a group of citizens from Rolla, Missouri, petitioned for declaratory and injunctive relief in order to prohibit the City of Rolla, Missouri ("the City"), from selling property known as Buehler Park ("the Park"). This case marks the fourth time that the controversy surrounding the City's sale of the Park has come before this Court. See Ours v. City of Rolla ("Buehler Park I"), 965 S.W.2d 343 (Mo. App. S.D.1998); Ours v. City of Rolla ("Buehler Park II"), 14 S.W.3d 627 (Mo. App. S.D.2000); Citizens for the Preservation of Buehler Park v. City of Rolla ("Buehler Park III"), 187 S.W.3d 359 (Mo. App. S.D.2006). The trial court found:

[Appellants] herein have standing as taxpayers and that the language contained in the deed from the Rolla Chamber of Commerce or its predecessor to [the City], in 1958, did not dedicate the property to public use forever but, instead, conveyed the property to [the City] subject to a defeasible fee retained by the Rolla Chamber of Commerce and not in trust subject to a dedication to public use; and any interest retained by the Rolla Chamber of Commerce prior to its corporation quit claim deed of April 14, 1997, was relinquished and transferred to [the City] by that instrument.

The prior three decisions of this Court did not directly address the legal significance of the 1958 warranty deed.[1] In the present case, the trial court entered judgment as a matter of law on stipulated facts. This Court reviews a bench-tried case on stipulated facts to determine whether the trial court drew the proper legal conclusions. Schroeder v. Horack, 592 S.W.2d 742, 744 (Mo. banc 1979); Glass v. Missouri Property Insurance Placement Facility, 912 S.W.2d 653, 656 (Mo.App. S.D.1995). The issue squarely presented to us is whether the language of the deed, "conveyed to [the City], Missouri for Park purposes only and none other, and to be known as Buehler Park," was a dedication to public use or a defeasible fee. We find the deed created a common law dedication.

Prior to July 1957, the Rolla Chamber of Commerce ("the Chamber") maintained the Park in honor of Dr. Henry Buehler, a prominent Rolla citizen. In July 1957, the Chamber's Board of Directors began discussing plans to deed the property to the City so that it "could maintain and improve it." In January 1958, the City's Park Board announced that it wanted to make definite plans for the use of the Park in the coming year, and they inquired whether the Chamber would deed the Park to them. The minutes of the meeting where this issue was raised reflect the following action, "Motion was made ... and seconded ... that that part of the land south of the road at [the Park] be deeded to the City to be used from now on as a Park in memory of Chief Buehler."

On February 28, 1958, the Chamber conveyed the Park by warranty deed to the City. The deed recites, "It is understood that the [Park] is conveyed to [the City] for Park purposes only and none other, and to be known as Buehler Park." Since 1958, the City has maintained and the public has used the property as a park.

In March 1997, the City entered into a contract with Cracker Barrel Old Country Store, Inc. for the sale of the Park. Buehler Park I, 965 S.W.2d at 344. By a

---

1. The dissent in Buehler I would have found taxpayer standing and addressed the issue of whether the Warranty Deed of 1958 was a dedication. Buehler I, 965 S.W.2d at 346 (Garrison, P.J., dissenting).

corporate quit claim deed dated April 14, 1997, the Chamber quit claimed to the City the Park property:

> to release the restriction that the [Park] property be used for park purposes only and be known as Buehler Park[.] ... By this Deed [the Chamber] releases any right of entry and any reversionary right it may have in and to [the Park] and releases any right it may have to enforce as a covenant the provision in said deed that said land be used for a park.

Various Rolla citizens and users of the Park brought suit to enjoin the sale claiming that the 1958 deed from the Chamber to the City constituted a dedication to a public purpose and sale of the Park would constitute a violation of that dedication. *Id.* During the subsequent appeal, Cracker Barrel withdrew its contract with the City. *Buehler Park II,* 14 S.W.3d at 628. The court in *Buehler I* focused primarily on the question of Appellants' standing to bring suit, and did not reach the dedication issue.

The City continued to maintain the property for public use as a park, but in December 2004, the City published and mailed out "Request for Proposals–Proposed Sale of the Buehler Park Tract." This led to a resolution by the City in March 2005 directing the mayor to enter into a contract with American Realty, LLC, for development of, and the option to purchase, the Park.

The Citizens for the Preservation of Buehler Park, a not-for-profit organization registered in Missouri, petitioned the trial court for a declaratory judgment and injunctive relief. When the trial court sustained the City's motion to dismiss for lack of standing, the citizens appealed. *Buehler Park III,* 187 S.W.3d 359 (Mo.App. S.D.2006). In *Buehler Park III,* this Court concluded that the trial court improperly relied on the holding in *Buehler Park I* in granting its motion to dismiss on the grounds that the citizens lacked taxpayer standing. *Id.* at 361. In so doing, this Court distinguished the expenditures of taxpayer money in *Buehler Park I* in which this Court found no standing because the expenditures made by the City in relation to the sale of the Park only included salaries for staff time of city employees, correspondence and telephone calls, and the possible payment of a real estate commission from the fact that in *Buehler Park III,* the City was expending public funds for advertising and mailing requests. *Id.* at 361–63. The contract was amended after *Buehler Park III,* in May 2006, to provide, *inter alia,* that the developer would reimburse the City for costs associated with the sale of the property.

We believe the trial court erred in its finding of a defeasible fee in the deed because we believe, as the dissent did in *Buehler Park I,* that it was a common law dedication when the Park was given to the City in 1958. As such, we openly borrow from the analysis used in the *Buehler Park I* dissent without further attribution.

■ To establish a common law dedication a petitioner must prove: (1) that the landowner unequivocally intended to dedicate it to public use; (2) that the public accepted the dedicated property; and (3) that the public used the dedicated property. *Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504, 507–08 (Mo. banc 1993). The City concedes that Appellants met their burden of proving the second and third elements of dedication in that the City accepted the property and maintained and used it as a park. The City, however, argues that the Appellants failed to produce unequivocal evidence that the Chamber intended to dedicate the Park property to public use.

██ The landowner's acts establishing a dedication must be unequivocal, and indicate expressly or implicitly, an intent to establish the public's right to use the land. *Id.* at 508. Absent an actual intention by the landowner to dedicate the property, their conduct may nonetheless manifest such an intention. *Id.* In that case, the owner can be prevented from resuming rights over the property if the public has relied upon his manifestations. *Id.*

██ Dedication is based upon the theory of a mutually binding contract between the landowner and the public. *City of St. Louis v. Bedal,* 394 S.W.2d 391, 396 (Mo. 1965). "[A] common law dedication is a continuous, irrevocable offer to dedicate, which the dedicator cannot retract.'" *Moseley v. Searcy,* 363 S.W.2d 561, 563 (Mo.1962) (quoting *Downend v. Kansas City,* 156 Mo. 60, 56 S.W. 902, 904 (1900)). This "contract" is based in the principle of estoppel, rather than an affirmative grant. *Whittom,* 851 S.W.2d at 508. Though a dedication generally cannot be revoked, the property can revert to the landowner or to his successors if it is no longer possible to fulfill the purpose of the dedication or if the dedicated use of property is legally abandoned. *Moseley,* 363 S.W.2d at 564–65. Impossibility of a dedicated use and abandonment frequently have synonymous meanings. *Id.* at 565–66. In this case, the property's dedicated use has not been abandoned, nor is there any evidence indicating that it is impossible to continue to use the land as a park. Furthermore, we cannot say that continued use of the property for park purposes would be damaging to the public good.

Missouri courts have long held that property dedicated for a particular purpose may not be diverted to a different purpose. *Kirkwood v. City of St. Louis,* 351 S.W.2d 781, 784 (Mo.1961); *Cummings v. City of St. Louis,* 90 Mo. 259, 2 S.W.

130, 131 (1886); *Price v. Thompson,* 48 Mo. 361, 365–66 (Mo.1871); *Village of Climax Springs v. Camp,* 681 S.W.2d 529, 534 (Mo.App. S.D.1984). The efficacy of this rule depends on who has standing to enforce it.

██ In the present case, the City initially attempts to revisit the issue of standing and contends that the trial court was correct in rendering judgment for the defendants, albeit not necessarily for the reason stated, because Appellants lacked standing to object to the sale of the park. Generally, a plaintiff must have a legally protectable interest to have standing in an action for injunctive relief. *Phillips v. Mo. Dept. of Social Services,* 723 S.W.2d 2, 4 (Mo. banc 1987). Put another way, the plaintiff must show that he has "a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, immediate or prospective." *Id.*

The Western district of this Court in *Hinton v. City of St. Joseph,* 889 S.W.2d 854 (Mo.App. W.D.1994), used *Parsons v. Walker,* 28 Ill.App.3d 517, 328 N.E.2d 920 (1975), as an appropriate example of a situation in which citizens would have standing to enforce a dedication. *Hinton,* 889 S.W.2d at 860. In *Parsons,* citizens sued to save a park which had been dedicated to, and operated by, the University of Illinois for 28 years. *Parsons,* 328 N.E.2d at 921, 926. The University sought to divert the property to a federal reservoir project, which would have resulted in the destruction of the park. *Id.* at 922. The court held that the citizen-plaintiffs had standing, because the dedication created a "public trust" in the park, which they had an interest in preserving. *Id.* at 926–27. It noted the importance of ordinary citizens in enforcing public trusts, saying:

"If the 'public trust' doctrine is to have any meaning or vitality at all, the members of the public, at least taxpayers who are the beneficiaries of that trust, must have the right and standing to enforce it. To tell them that they must wait upon governmental action is often an effectual denial of the right for all time."

*Id.* at 926 (quoting *Paepcke v. Public Building Com. of Chicago,* 46 Ill.2d 330, 263 N.E.2d 11, 18 (1970)). We agree. We do not believe the trial court erred in finding that plaintiffs have standing in the present case.

The trial court found a defeasible fee was created in the conveyance. A defeasible fee is ordinarily created when a conveyance occurs but the grantor creates a termination of the fee when a named event occurs. Willard L. Eckhardt & Paul M. Peterson, *Possessory Estates, Future Interests and Conveyances in Missouri* 16 (1986). An example is when the grantor conveys to B and his heirs, "provided that" if some event occurs, the heirs may enter and terminate the estate. *Id.* The future interest is a right of entry for the condition broken in the grantor or testator and the fee may be terminated when the named event occurs. *Id.* Express words providing for the right of reentry should be included. *Id.* at 17.

On the other hand, a determinable fee simple is created when the grantor conveys to the grantee with the language "so long as used," "while," "during," "until," etc., for a particular purpose. *Id.* at 15. The words constitute a special limitation and the fee terminates when the given event occurs. *Id.* It is ordinarily considered a future interest with a possibility of reverter in the grantor or testator. *Id.*

▪ In the instant case, the "Warranty Deed" states that the Park property "is conveyed to [the City] for Park purposes only and none other, and to be known as Buehler Park." The deed expressly limits the City's use of the property to "park purposes," even naming it "Buehler Park." The park contemplated in the deed is one to be used by the public, as the City is a public entity. The language of the deed makes clear that the Chamber intended to dedicate the park property to public use. This intent is not negated by the absence of the words "dedicate" or "dedication" from the instrument, or its title, "Warranty Deed." *See Coffey v. State ex rel. County of Stone,* 893 S.W.2d 843, 844–47 (Mo.App. S.D.1995).

The 1958 deed continues, "TO HAVE AND TO HOLD the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging or in anywise appertaining unto the [City], and unto its heirs and assigns, FOREVER[.]" This language unambiguously transfers the park property to the City "forever." The language of this deed is inconsistent with a conclusion of a defeasible fee by implication. It is also inconsistent with a determinable fee simple.

On this record, therefore, the conveyance either is the common-law dedication claimed by Appellants, or a fee simple absolute as found in *Fuchs v. Reorganized School Dist. No. 2, Gasconade County,* 251 S.W.2d 677, 679 (Mo.1952) and *Chouteau v. City of St. Louis,* 331 Mo. 781, 55 S.W.2d 299, 300–02 (1932). The City essentially concedes two of the three elements of common law dedication—public acceptance and user of the park. The City disputes that the Chamber, in deeding the park to the City in 1958, intended to dedicate the land to public use. The Chamber itself maintained the land as a public park, named Buehler Park, before and until deeding it to the City. The Chamber's official records reflect its consideration of deeding the park "so that the City, through the Park and Recreation Board could maintain

and improve it," and a meeting with the Park Board about "deeding the park section" of the Buehler Park tract to the City "[w]hen the Park Board [has] definite plans for improvement, and maintenance, and arrangements can be made for the transfer of the property." The Chamber eventually resolved to deed the property to the City "to be used from now on as a Park in memory of Chief Buehler." By deed, the Chamber conveyed, and the City accepted, the property "for park purposes only and none other, and to be known as Buehler Park." For the next 40 years, the City maintained and the public used Buehler Park as a public park.

The City's argument that the land was deeded "to the City," and "not to the people or for their use," seems hypertechnical and hollow in the face of such evidence. Even if deeding land for a particular public use technically conveys the estate by grant rather than dedication, interpretive principles will not vary greatly whether the public use is created by deed or by dedication in the strict sense. *Lander v. Village of South Orange,* 58 N.J. 509, 279 A.2d 633, 637 n. 4 (1971). Thus, giving a city an easement by deed has been viewed as equivalent to a deed of dedication. 4 Herbert T. Tiffany, *The Law of Real Property* § 1101 and cases cited n. 8 (3d ed.1975). Moreover, the public's use and the City's maintenance of Buehler Park for 40 years with the Chamber's knowledge and acquiescence is indicative of an intent to dedicate, or perhaps operates to preclude denial of such intention. *Id.* at § 1102 and cases cited n. 15.

The Chamber deeded Buehler Park to the City as a proxy for the public, and specifically so the City could maintain (and perhaps improve) it as a public park, as the Chamber had been doing up to that time. The clear and unequivocal evidence of intent, since the other elements are undisputed, evidences a common law dedication. The trial court improperly found that the deed was a defeasible fee. The deed created a common law dedication.

We find that the 1958 "Warranty Deed" dedicated the Park property to public use. The judgment of the trial court is reversed with directions to the trial court to enter judgment consistent with this opinion, declaring the property as a public park, and grant the injunction to prohibit the City from doing otherwise.