486 So.2d 1094 (1986)
John Roland BIRDWELL, Plaintiff-Appellee,
v.
Gwendolyn Birdwell JEFFERY et al., Defendants-Appellees-Appellants.
No. 17661-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
Wiener, Weiss, Madison & Howell by Susie Morgan, Shreveport, for defendant-appellee-appellant Carol Birdwell Middleton.
James B. Wells & Associates, P.C. by Sam A. Smith, Bossier City, for plaintiff-appellee.
Before FRED W. JONES, SEXTON and LINDSAY, JJ.
FRED W. JONES, Judge.
A defendant co-owner of property involved in a partition suit appealed that portion of a judgment ordering a partition by licitation of a forty-acre tract, contending the trial judge erred in holding that (1) defendant had the burden of proving the tract was divisible in kind and (2) finding that the tract was not divisible in kind.
John R. Birdwell sued his two sisters, Carolyn Middleton and Gwendolyn Jeffery, and the children of a deceased brother, to partition by licitation the following described property located in Bossier Parish:
Lots 331 and 332, East Shreveport Subdivision, Bossier City, as per plat on file and of record; and Northeast Quarter of Northwest Quarter (NE ¼ of NW ¼), Section 3, Township 19 North, Range 12 West, containing 40 acres more or less.
Birdwell, Mrs. Middleton, and the children of the deceased brother stipulated that the two lots in Bossier City should be partitioned by licitation. Subsequently, Birdwell dismissed the suit as to the children of his deceased brother, alleging that they had conveyed their interests to him.
Mrs. Jeffery made no appearance in the litigation. Mrs. Middleton contested plaintiff's request that the forty-acre tract be partitioned by licitation. When the case went to trial the two participants presented the testimony of appraisers and filed into evidence the reports. Since the testimony was not recorded, a narrative of facts, prepared *1095 pursuant to La.C.C.P. Article 2131, was submitted to, supplemented and approved by the trial judge and made a part of the appellate record.
According to the narrative of facts Mark Montgomery, appraiser who testified on behalf of the plaintiff Birdwell, stated:
"The property, a 40 acre tract of rural property, has not been surveyed but has been visually inspected. The tract is estimated to be 75-80% cleared pasture land. The property has no road frontage but is about 300 feet from the Linton-Bellvue Road and has access thereto by virtue of a verbal agreement with the intervening landowner for the use of his dirt road. Hardwood and pine timber covers about 10 acres of the 40 acre tract, mostly along the western boundary. A small stock pond and an old cattle pen, both of undetermined value, are located on the property. Cattle were grazing on the property at the time of inspection. The highest and best use of the property is continued use as pasture land. The value of the property is $900.00 per acre or $36,000.00 for the entire 40 acres. No appraisal was made of the value of the property if it were divided into four ten-acre tracts. The property is not divisible in kind.
"The property in question was not divisible in kind because the north-south division would result in one ten-acre tract being unimproved timberland and the other three tracts being improved pasture land. Any east-west division of the property in question would result in the necessity of a servitude of passage across at least two of the ten-acre tracts, thus encumbering these tracts and decreasing the value. Location of the stock pond or `mudhole' on one tract would diminish the value of that tract."
Randy Brown, appraiser on behalf of defendant Middleton, according to the narrative of fact stated:
"This is a 40 acre tract of rural, unimproved property located about 300 feet southeast of the Linton-Bellvue Road. Access to the Linton-Bellvue Road is over a dirt road across adjoining land. There is no servitude of passage of record but because of the long and continuous period of free use of the dirt road, a servitude of passage could probably be obtained.
"The property is approximately 80% cleared. There are clumps of timber scattered throughout the tract and along the fence lines. The timber is of an insufficient quantity to have commercial value and does not increase or decrease the value of the property. The property presently is being used as pasture land. When surrounding developments and comparable sales in the area are considered, the highest and best possible use of the property is as four ten-acre rural homesites. The value of the property as a 40 acre unit is $950.00 per acre or $38,000.00 for the entire tract. The subject property is susceptible of division into four tracts of equal size and value by dividing lines drawn in a north-south or east-west manner. If the property were divided into four ten-acre tracts, each tract would be worth $11,000 or $1,100 per acre, an increase of $150.00 per acre. There is a small, apparently unused cattle pen located on the north side of the property but it is not of sufficient use or value to increase or decrease the value of the land. The small stock pond identified by Mr. Montgomery is, in reality, more accurately described as a large mudhole caused by drainage. It neither increases nor decreases the value of the property as a whole or of any of the proposed ten-acre tracts and, therefore, was not relevant to the appraisal thereof."
Brown did not survey the property and offered no estimate of the amount of timber that would be located on either of the ten-acre tracts of land if the property was divided in kind. His appraisal report, received into evidence, contained the following map showing a servitude of passage traversing the forty-acre tract and running in a north-south direction:
*1096 The trial judge, deciding in favor of the plaintiff, gave the following reasons for judgment in the form of a minute entry:
"The matter was held open after the initial determination that the plan submitted by the plaintiff in the matter for partition in kind that the property in question was notdid not present an equal and just division of the property. The parties were all given an opportunity to submit an additional plan that they felt may facilitate the division of the property. No additional plans having been filed, the only additional matter brought to the attention of the court was the reargument of the original demand and a suggestion that the court could determine some way in which the property could be divided in kind. The Court originally found and again finds the property is not subject to division in kind because there is no road frontage on the property and that the property in question, to divide it in kind in any manner, would require a servitude on two of the portions of the property to an additional portion, which would cause an inconvenience and loss of value to the parties receiving the first two tracts of land; and in addition, that there are certain improvements on the property, while of questionable value, that would make it almost impossible to divide the property in kind, that being the opinion of Mr. Mark Montgomery, who was an appraiser and expert land evaluator who was *1097 called as a witness to testify in the case. In addition, the particular property in question consists of partially improved and unimproved property, and this Court, based on the evidence that I heard, is not able to make any determination as to a just division of that property. The burden is not upon the Court to make that determination; it is upon the plaintiff to prove by a preponderance of the evidence that the property is divisible in kind. And absent that showing, there will be judgment in favor of the plaintiff, ordering that the property be sold at Sheriff's sale and the proceeds distributed accordingly."
In Louisiana the general rule is that partition in kind is favored over partition by licitation. Unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La.Civil Code Article 1339; La.Code of Civil Procedure Article 4606. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it. La.C.C. Article 1340.
The burden of proof is that of the party seeking partition by licitation to show that the property cannot be divided in kind. Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La.1981).
Consequently, the question posed here is whether the plaintiff proved by the required preponderance of evidence that the forty-acre tract in question was not susceptible of division in kind. This requires that we examine the trial judge's stated findings of fact to determine if they were manifestly in error.
Ingress and Egress: The trial judge stated that the forty-acre tract had no road frontage and that a partition in kind would require a servitude of passage across two of the lots, causing a decrease in their value. Both appraisers noted that the tract had access to the Linton-Bellvue Road by means of a dirt road. Furthermore, Brown's map showed a passageway traversing the entire forty acres. Therefore, division of the property into lots running east-west would afford each lot access to the public road and would not involve the creation of an additional servitude of passage across any of the property. The trial judge was clearly wrong in viewing this as an obstacle to division of the forty acres in kind.
Existence of Improvements: The trial judge did not describe the improvements to which he referred. Brown stated that there was a perimeter fence and a small, apparently unused cattle pen. Montgomery said there was a stock pond [described by Brown as a mudhole caused by drainage] which would diminish the value of the lot upon which it was located, but gave no indication of the dimensions of the pond. Because of the vague nature of Montgomery's testimony on this issue, we do not agree with the trial judge's conclusion that this rendered the property indivisible in kind or that any other improvements had a consequential value.
Location of Timber: Both appraisers found that the forty acres included some 80% cleared for pasture land. Montgomery asserted that about ten acres had pine and hardwood timber, located generally along the west side of the tract. Brown found clumps of trees scattered about the property, with no commercial value. The trial judge concluded that the existence of these trees caused the property to be both improved and unimproved and, divided into lots running north-south, one of the lots would be unimproved while the others were improved. However, accepting Montgomery's testimony on this point, a division of the tract into lots running east-west would give each approximately equal amounts of both improved and unimproved property. Therefore, the trial judge was manifestly in error in concluding that this was an impediment to a division in kind.
In summary, we do not find that the plaintiff proved by a preponderance of *1098 the evidence that the forty-acre tract was either indivisible by nature or that it could not be conveniently divided.
For these reasons, we must set aside the trial court's order directing partition by licitation of the forty-acre tract.
La.C.C.P. Article 4605 provides:
If the plaintiff fails to meet his burden of proving that the property is insusceptible of division in kind, the Court shall appoint a notary to make the partition in accordance with law.
The notary has the right to appoint expert appraisers to assist him in dividing the property into lots of equal value and, if that is not possible, to determine the compensation to be paid by one owner to another. Aucoin v. Greenwood, 199 La.764, 7 So.2d 50 (1942).
Decree
For the reasons set forth above, we reverse that portion of the district court judgment ordering a public sale of the forty-acre tract in question and recast that portion of the judgment to read as follows:
"IT IS DECREED that the Northeast Quarter of Northwest Quarter (NE ¼ of NW ¼), Section 3, Twp. 19 North, Range 12 West, Bossier Parish, Louisiana, is owned by the following parties in the proportions shown:

John R. Birdwell............... ½
Carolyn Middleton............. ¼
Gwendolyn Jeffery ............ ¼

"IT IS FURTHER DECREED that said tract is divisible in kind, with the lots to run lengthwise in an east-west direction."
For the purpose of effecting this partition, the case is remanded to the trial court for the appointment of a notary and for further proceedings consistent with this opinion and in accordance with law.
Costs in the trial court shall be assessed by the trial judge upon final disposition of the matter. Cost of appeal is assessed to appellee.