h GRISBAUM, Judge.
Home Place Batture Leasing, Inc., inter-venor-appellant, appeals the trial court’s judgment ordering partition by licitation of a commonly owned tract of land. We reverse and remand.

ISSUE

The ultimate issue is whether the property in question should be partitioned in kind or by licitation.

FACTS AND PROCEDURAL HISTORY

In 1993, the plaintiff, Bayou Fleet Partnership (hereinafter Bayou Fleet), purchased a two-thirds © interest in a certain portion of batture land fronting on the Mississippi River in Hahnville, Louisiana.[1] The remaining one-third © of 12the property was owned by the Saia family. On February 12, 1996, Bayou Fleet filed a petition to have the property partitioned by licitation. On May 22, 1996, Home Place Batture Leasing, Inc. (hereinafter Home Place) purchased the Saia family’s one-third © interest in the land for $23,-000.00. On June 11, 1996, Home Place intervened in the suit, praying that the property be partitioned in kind. The Saia family was later dismissed from the suit.
At trial, Mr. Ralph Fontcuberta, Jr., an expert land surveyor, was called by the plaintiff to testify. Mr. Fontcuberta had performed several surveys on the subject *630 property over the years. According to the surveys, the subject property consists of 314 feet fronting the river and extending 1485 feet to the levee on the down river side and 1667 feet to the levee on the upriver side. The property immediately down river is owned by Home Place. The property immediately upriver is owned by Giambelluca Land and Development Company, Ltd. Mr. Fontcuberta testified that the entire property is landlocked. To subdivide the property into three lots, Mr. Fontcuberta testified that a line would be drawn perpendicular from the river to the levee, resulting in three lots of approximately 104 feet fronting the river.
Mr. Kevin Lemoine, who was accepted by the court as an expert in real estate appraisal, testified on behalf of the plaintiff. Mr. Lemoine explained that batture land is primarily sold and leased based on the amount of frontage on the river. The subject piece of land is zoned B-l, which allows for barge fleeting, camps, logging, restaurants, and river boat docking. Mr. Lemoine opined that the best use for the subject property is for barge fleeting and that it would lose value if it was partitioned in kind. He testified that the market for batture property is limited and that to divide it into smaller pieces would make it less marketable. On cross-examination, Mr. Lemoine conceded that, because the property is located |3on a curve in the river and the depth of the river in this area is shallow when the water level is low, it is not an ideal site for barge fleeting.
Mr. Robin Duret, the president of Bayou Fleet, testified that his company operates and leases marine equipment, tow boats, and barges on the Mississippi River. Bayou Fleet owns the property immediately upriver from the Giambelluca property. He further testified that if the subject property were sold, he would bid on it so he could acquire 100 percent ownership of the batture to fleet barges on it. He explained that at least 250 feet of property is needed to fleet a typical barge because a typical dry barge is 195 to 200 feet long. He stated that he would not have any use for a divided two-thirds ($) interest in the property because 210 feet would be inadequate to fleet barges. He also explained that the property was previously used as a rock yard and that barges were anchored at the riverfront of the property to off-load the rock. He testified that to use the property as a rock yard, you have to have the ability to tie up barges in front of the property.
Mr. Roland Bernard, a land surveyor, testified for the defendant. He surveyed that property and produced tow drawings on the survey, which were admitted into evidence. One survey depicts the property divided into three equal lots, each 104.67 feet in width. The other survey depicts the property divided into a two-thirds (%) portion, which is contiguous with the property upstream, and a one-third (5é) portion contiguous with the property downstream.
Mr. Neil Clulee testified that he is the owner of Home Place and that Home Place owns the property immediately down river from the subject property. He has obtained a lease for a small shipyard to be built on this down river property. Mr. Clulee has been familiar with the subject property since 1971 and has never known this property to be used for barge fleeting. The Giambelluca property, which is currently not being used for anything, was used for barge fleeting Happroximately ten years ago. Mr. Clulee testified that he wants the court to partition the property in kind and, if he were allotted the one-third Qk) of the property contiguous with the property he owns down river, he could access this one-third ($) through his other property.
Captain C.E. Clayton, the president of the New Orleans and Baton Rouge Steamship Pilots Association, was accepted by the court as an expert in river navigation. As part of his position, he reviews applications for permits for barge fleeting on the Mississippi River and makes a recommendation to the Corps of Engineers as to whether he thinks the permit should be granted. He testified that he has never *631 seen an application for a permit to fleet barges from a batture with 314 feet of frontage, except in situations where the applicant is seeking to extend an area already used for barge fleeting. In his opinion, fleeting barges in the subject area would be hazardous because there is a sand bar, which results in shallow water. He would not recommend granting a permit to fleet barges at this site.
The deposition of Mr. Steven Talbot, an expert in marine operations including barge mooring, was introduced into evidence. He inspected the property and evaluated it in relation to using it for barge fleeting. He opined that it is unacceptable for barge fleeting, unless you are a contiguous landowner. The size of the property would not justify the costs of installing the necessary equipment and monitoring the property in accordance with Coast Guard rules and regulations.
The deposition of Captain Norman Ivey, an expert in river barge operations, was also made part of the record. He testified that it would not be economically feasible to use the property for barge fleeting because it measures only 314 feet.
1 .¡The trial judge ordered that the property be partitioned by licitation and sold at public auction by the Sheriff, with costs of these proceedings assessed against the gross proceeds of the sale. The trial judge ordered partition by licitation because he concluded that the best use for this property is barge fleeting and that the possibility of Home Place getting the middle lot existed since the selection process must be random. Thus, he concluded that the property could not be conveniently divided and that division would result in a diminution of the property’s value.
Home Place filed a motion for new trial, which was denied by the trial court because “there is no new evidence to warrant a new trial and that all other arguments made by counsel in the memorandums and before the bench are matters previously tried.... ” Home Place appeals the denial of its motion for new trial. Bayou Fleet has answered the appeal and contends that the trial court’s judgment should be modified to provide that Home Place should be responsible for payment of Bayou Fleet’s costs and that Home Place should not be entitled to recover its costs.

LAW AND ANALYSIS

La. Civ.Code art. 807 provides, in pertinent part, that “[n]o one may be compelled to hold a thing in division with another unless the contrary has been provided by law or juridical act.” See also Tri-State Concrete Co. v. Stephens, 406 So.2d 205 (La.1981). If the co-owners cannot agree to the mode of partition, a co-owner may demand judicial partition. La. Civ.Code art. 809. Partition in kind is favored over partition by licitation, unless the property is indivisible by nature or cannot be conveniently divided. La. Civ. Code art. 811; Tri-State Concrete, supra. A court should order partition by licitation only when division of the property would result in a diminution of its value or loss or | Rmconvenience to one of the owners. Id. The party seeking to have the property partitioned by licitation bears the burden of proving that it cannot be partitioned in kind. Id.
The question we must address is whether the plaintiff proved by the required preponderance of the evidence that the property here was not susceptible to division in kind. Birdwell v. Jeffery, 486 So.2d 1094 (La.App. 2d Cir.1986). This requires us to examine whether the trial judge’s findings of fact are manifestly erroneous or clearly wrong. Id.
The trial judge’s conclusion that the property should be partitioned by lici-tation rests primarily on his finding that the best use for the property is barge fleeting. After careful review of the record, we find this conclusion manifestly erroneous. First, the expert, who testified that the best use of the property is barge fleeting, is an expert in real estate appraisal and not barge fleeting.
Second, the witnesses, who are experts in barge fleeting and/or river navigation, testified that use of this property for barge fleeting was economically infeasible and *632 hazardous. Captain Clayton testified that he had never seen an application for barge fleeting on 314 feet of batture, unless it was from someone seeking an extension for barge fleeting to adjoining property. He further testified that barge fleeting on this site would be hazardous because the water is shallow, and the wake of passing vessels would cause problems with barges bumping on the bottom. Thus, he concluded that if he was presented with an application for a permit for fleeting on this site, he would object to it. Captain Ivey testified that barge fleeting on this site is not economically viable. He found that it is only large enough to moor five barges, while a capacity of mooring at least 40 barges is necessary to cover costs of installing necessary equipment, maintaining a tow boat, and complying with all Coast Guard rules and regulations. Steven Talbot |7also testified that it would not be economically feasible to operate an independent barge fleeting operation on this site. Thus, while the property meets the requirement for barge fleeting, we do not believe that it is a viable use for the property. Moreover, the record established that the property is not, and never has been, used for barge fleeting. Based on the foregoing, we conclude that the trial judge erred in finding that the best possible use of the property is barge fleeting.
The record reflects that the appellee’s case for proving that the property is insusceptible for partition in kind rested exclusively on its use for barge fleeting. Bayou Fleet failed to show whether the property is more valuable whole or divided and why it is inconvenient to partition it in kind, both of which are required to show that property should be partitioned by licitation, rather than partitioned in kind. The trial judge recognized this and stated in his Reasons for Judgment that “while the record does not show whether the property is more valuable as a whole or divided, other courts have recognized that there is virtually no open market for landlocked property.” This property, however, is landlocked, regardless of whether it is whole or divided; thus, this fact fails to support a conclusion that it should be partitioned by licitation. In addition, the trial judge’s conclusion that there is a larger market for three landlocked lots than one landlocked lot rested on his conclusion that the best use for the property is barge fleeting. Since we conclude that the trial judge was manifestly erroneous in finding barge fleeting is the best use for the land, we do not find the evidence in the record supports a conclusion that there is a larger market for three landlocked lots, rather than one. The record also reflects that this property was previously used for stock piling of limestone, but the future use of the property for stock piling limestone was not evaluated at trial because of zoning restrictions. Accordingly, considering the high burden on the party seeking to have property ^partitioned by licitation, since partition in kind is favored, and the lack of evidence presented by Bayou Fleet to support partition by licitation, we find that the appellee failed to prove that the property cannot be conveniently partitioned in kind.
For the- reasons assigned, we reverse the judgment of the trial court, order that the property be partitioned in kind, and remand this matter to the district court for further proceedings, including assessment of costs, consistent with this opinion.

REVERSED AND REMANDED.

. Batture is property located between the toe of the levee and the low watermark of a navigable stream — here the Mississippi River. The subject property is located approximately 23 miles upriver from New Orleans, Louisiana.