777 So.2d 1259 (2001)
Mary Clulee, Wife of/and Neal CLULEE, et al.
v.
Nicholas P. GIAMBELLUCA, et al.
No. 00-CA-1057.
Court of Appeal of Louisiana, Fifth Circuit.
January 23, 2001.
Rehearing Denied February 22, 2001.
Joel T. Chaisson, Chaisson & Chaisson, Destrehan, LA, and Catherine Leary, *1260 Westwego, LA, Counsel for plaintiff-appellee.
Andrew A. Lemmon, Lemmon Law Firm, New Orleans, LA, Counsel for defendant-appellant.
Court composed of Judges CHEHARDY, McMANUS and H. CHARLES GAUDIN, Pro Tempore.
H. CHARLES GAUDIN, Judge Pro Tempore.
This is an appeal by Nicholas Giambelluca, et al., defendants-appellants, from a declaratory judgment in favor of Mary and Neal Clulee, plaintiffs-appellees, which determined that plaintiffs and defendants each acquired ownership of one-half of a 50-foot roadbed between their batture properties when and after St. Charles Parish revoked the dedication of the road, as provided by LSA-R.S. 48:701. Appellants contend that they should have been adjudged the owners of the entire road bed for two reasons. Firstly, in an assignment involving acquisitive prescription, they urge that their title extended to the entire road bed. Although they admit that the road had been dedicated to public use, they assert that this dedication was only a public servitude which was extinguished when St. Charles Parish revoked that dedication in 1992, thus returning outright ownership to them. Secondly, they contend that their ownership of the road was adjudged in prior suits, and that this question is, therefore, res judicata. The trial judge rejected both arguments and divided ownership equally. For reasons following, we affirm the February 18, 2000 judgment of the 29th Judicial District Court.
In 1870, Michael Hahn acquired a St. Charles Parish plantation which extended to the batture of the Mississippi River. Two years later Hahn drew up a plat subdividing the land. A road, later known as Morgan Street, ran from the River Road, over the levee and then to the water's edge. The batture portion of the road from the riverside toe of the levee to the water's edge is known as the Morgan Street Extension.
In 1872, Hahn sold a parcel on the south side of Morgan Street, including the batture, with reference to this plat, which was filed with the act of sale. The title to this tract showed that it fronted on Morgan Street. The Clulees eventually acquired this property and trace their title through this so-called Morgan line.
In 1887, during the administration of Hahn's estate, the sheriff sold the north side, including the batture, to C. T. Dugazon, also with reference to the plat and shown as fronting on Morgan Street. The Giambellucas acquired the batture portion of this property in 1975 and trace their title through this Dugazon line.
In 1968, during a partition of this batture tract, the property description in this line was apparently inadvertently changed so as to show it fronting on the property of the Morgan chain of title rather than on Morgan Street. Over the years Morgan Street (including the Extension) was used regularly by the public as per the plat.
A dispute arose in 1991 when the Giambellucas attempted to fence off the road. The Clulees sought declaratory relief and a judgment was forthcoming ruling that the road had been "impliedly" dedicated as a public road, and therefore could not be fenced in. The Parish thereupon passed a resolution revoking the dedication of the entire road from the River Road to the water's edge, including that portion which ran over the levee via a ramp. The result of this action was to landlock the entire Giambelluca batture because their only access to it was via Morgan street from the River Road to the levee and then over the levee via the ramp. The Giambellucas filed a second suit seeking to compel the Parish to revoke the ordinance, as well as for other related relief. That litigation ended in an opinion setting aside the ordinance as to the portion of the road from the River Road to the levee and the ramp over the levee. The ordinance was allowed *1261 to stand as to the revocation of the dedication of the batture portion of the road, Giambelluca v. Parish of St. Charles, 96-364 (La.App. 5th Cir.11/14/96), 687 So.2d 423.
After the above opinion became final, the Giambellucas again attempted to assert control over the entire batture road. The Clulees filed the present suit for judgment declaring them the owners of the one-half of the road bed adjoining their property, and the Giambellucas answered claiming title to the entire bed. Because the issue in the case is ownership, this is a petitory action.
The first question here is whether Hahn conveyed to St. Charles Parish complete ownership or merely a servitude of the land underlying Morgan Street when he began selling property in 1872 according to the plat. The major case on point (relied on by the trial judge) held that when an owner draws up a plat showing streets and sells lots with reference to that plat, complete ownership is thereby transferred to the public entity, Jaenke v. Taylor, 160 La. 109, 106 So. 711 (La.1925). This case has never been specifically overruled.
In the present case the trial judge used the following analysis of Jaenke, supra, and later related cases (which was also the analysis used in Banta v. The Federal Land Bank of N.O., 200 So.2d 107 (La. App. 1st Cir.1967)). In 1896, the Louisiana Legislature enacted Act 134 which provided for a detailed process for establishing subdivisions and dedicating streets and other public places in them. Prior to this date, such dedications were deemed to be donations inter vivos, and therefore required the formalities of authentic acts. There were, however, a number of cases which held that the sale of lots in reference to a plat showing streets was an "implied" or "common law" dedication which conferred ownership in the public body upon use of the streets by the public, see citations in Jaenke and Banta.
After the 1896 enactment of Act 134, most reported cases involved the question of whether dedications made after that date which failed to comply with every particular of the statute could still be given force. Another question in these cases was whether a statutory dedication required acceptance by the public entity, or at least public use, to completely vest title in that entity. In Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229 (La.1938), the court held that (1) there had indeed been a statutory dedication of the streets, even though the parish had not formally accepted it, and (2) title to the underlying land passed to the parish upon filing of the plat.
Also, in discussing the prior jurisprudence regarding "implied" or "common law" dedications, the court indicated that these actions created only a servitude in favor of the public, while statutory dedications passed title to the public. However, the court then stated that "the decisions involved in [Jaenke and David & Livaudais v. Municipality No. 2, 14 La.Ann.872] were common law dedications made long prior to the adoption of Act 134 of 1896." (At 240) It further found, at 240-41, that:
"When the Rodessa Land and Development Company dedicated to the public the streets and alleys as set out on the original map of the Parker Addition, without any reservation or restriction indicating an intention to retain the ownership of the land covered by the streets and alleys, it divested itself of the fee as completely as if it had made a sale of the said streets and alleys to the public. [Jaenke v. Taylor, 160 La. 109, 106 So. 711; Wilkie v. Walmsley, 173 La. 141, 136 So. 296."
It is apparent that the court was reaffirming the ruling of Jaenke, i.e., that an implied or common law dedication made prior to 1896 operated to vest complete ownership in the public entity. That is the conclusion reached by the Banta court as well as the trial judge in the present case. That view appears to be correct, thus the *1262 determination that St. Charles Parish acquired title to the Morgan Street roadbed is correct, as is the ruling that by operation of LSA R.S. 48:701 the parties each acquired one-half of the road bed when the Parish revoked the dedication.
We note, arguendo, that if the dedication created only a servitude, then the owner of the road bed is the estate of Michael Hahn. The two chains of title on either side of the road originally fronted on the road, and thus the road bed was never alienated by Hahn.
As to the prescription issue, if title did pass to the Parish by the implied dedication, then the Giambellucas' assertions that the property became theirs via the acquisitive prescriptions of ten or thirty years necessarily fail. Acquisitive prescription does not run against public things owned by political subdivisions of the state, such as streets, because these things are not susceptible of private ownership, La.Civ. Code, Art. 450; see also Yiannopoulos, La. Civ. Law Treatise, Property (3rd ed.), sec 54 (1991).
The last issue here concerns the applicability of the principles of res judicata. There were two prior suits involving this property. The first, Clulee v. Giambelluca, 29th Judicial District Court, No. 37021, resulted from the Giambellucas' attempt to fence off the road. In a final unappealed judgment the trial judge held that the road had been dedicated to public use by an implied dedication. The question of ownership of the bed was not at issue. There was no identity of the relief sought there and that sought in the present suit.
The Giambellucas argue here that an implied dedication creates only a servitude and that the judgment in the prior case should be given retroactive effect on this point. However, prior to 1896 even implied dedications resulting from the selling of property in reference to a plat creating streets, and acceptance by the public via use of the streets, vested title to the road beds in the public entity. It is of no consequence whether that prior judgment is given res judicata effect or not. The result here is the same.
The second suit, Giambelluca v. Parish of St, Charles, 96-364 (La.App. 5th Cir.11/14/96), 687 So.2d 423, was brought by the Giambellucas originally against the parish to set aside an ordinance revoking the dedication of the road. The facts of that suit were that after the judgment in the prior action the parish council decided that the road was no longer needed for public purposes, and they therefore revoked the dedication from the edge of the River Road to the base of the levee, the ramp portion of the road which crossed the levee, and the remaining portion from the riverside base of the levee to the water's edge. Because the Giambellucas' batture was only accessible from this road and ramp, the result of the Parish's action was to deny them access to their property, because the Clulees and others owned the lands adjoining the portion of Morgan Street from the edge of the River Road to the levee. When the dedication was set aside, ownership of that short portion of the road went to these private parties. The Clulees and others were subsequently made parties to this suit so that in the event the revocation were upheld, these parties might nonetheless be compelled to grant a servitude of passage from the River Road to the levee.
In this Court the issue was framed as follows:
"The issue on appeal is whether the trial court was correct in ruling in favor of the Giambellucas in revoking and restoring the Morgan Street Extension from the River Road, over the levee to the river side toe, a relatively short distance from the bottom of the river side of the levee. The trial court did not revoke that portion of the ordinance which abandoned the rest of the road, running from the river side toe of the levee to the river. Thus, that part of the road is *1263 now the private property of the Giambellucas."
In the remainder of the opinion the court only discussed and ruled upon the issue of the revocation of the River Road side of Morgan Street and the ramp over the levee. The ownership of the batture portion of the road was not an issue in the case and consequently it was not adjudicated in either the district court or in this court.
In the present matter the Giambellucas assert that the single sentence quoted above as to ownership of the batture portion of the road is now conclusive in their favor by operation of the res judicata rules which were effective as of 1991. The trial court rejected this argument and the Giambellucas now appeal that ruling. The recent res judicata rules are at LSA R.S. 13:4231, and provide pertinently:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent litigation between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Sections one and two address a situation in which a judgment has been rendered in favor of the plaintiff and against the defendant, or in favor of the defendant and against the plaintiff.
In the prior litigation involving the revocation of the street, the judgment was in favor of the Giambellucas and against the Parish of St. Charles. The judgment was not adverse to the Clulees because their posture in the case was a contingent one. In the event the revocation was upheld, then the plaintiffs requested that they be awarded a servitude of passage over the Clulees' property. Because the revocation was set aside, no judgment was rendered against the Clulees in that suit because the relief sought was moot, and therefore sections one and two of the statute are not applicable. As to section three, there is no question but that ownership of the batture road bed was not actually litigated and determined, nor was such a determination essential to the judgment. The plea of res judicata was properly rejected by the trial court.
For the above reasons, judgment of the trial court dated February 18, 2000 is affirmed.
AFFIRMED.