SUSAN M. CHEHARDY, Judge.
|2This particular litigation is over the ownership of a 25-foot strip of batture land in St. Charles Parish.[1] The property *216 in question is the southern half of the strip of land, which was a road formerly known as the Morgan Street Extension. The former Morgan Street Extension lies between two tracts of land; the Dugazon tract is north of the road and the Rivarde Place is south of the road. To put this litigation into context, it is beneficial to understand the relationship of the parties to the property at issue.
In 1870, Michael Hahn acquired a plantation on the Mississippi River in St. Charles Parish. Two years later, Hahn subdivided the land according to a plat. When the property was subdivided, it included a road that ran from River Road over the levee across the batture to the water’s edge. The road came to be known as Morgan Street. The portion of the road that ran across the batture, i.e., from the riverside toe of the levee to the water’s edge, is known as the Morgan Street Extension.
|3In 1872, Hahn sold the parcel south of Morgan Street, which included the batture, to Rivarde. The title to that parcel, which is commonly referred to as the Rivarde Place, reflected that it was bounded on the north by a "continuation of the line of Morgan Street.”[2] In 1887, during the administration of Hahn’s estate, the sheriff sold the parcel north of Morgan Street, including the batture, to C.T. Dugazon (“Dugazon tract”).[3]
In 1975, the Giambellucas acquired the batture portion of the Dugazon tract, which is north of the strip of land in question, to use in their construction business as a sand pit and materials yard. When the Giambellucas purchased the tract, the levee ramp was in place. The ramp traversed the levee from the toe on the road side to the toe on the river side. The Giambellucas obtained a permit from the Levee Board to use the ramp and, subsequently, asphalted the ramp and used the road to access their property from the levee to the river. The road, which the Giambellucas used in their business, was the Morgan Street extension.[4]
In 1981, the Clulees acquired the Ri-varde Place, which is south of the property in question. According to the property description, the Clulees’ obtained all the land, including batture and levee, bounded on the south by Home Place Plantation, on the east by Sal Saia’s property, on the west by the Mississippi River, and on the north by “a continuation of the line of Morgan Street.” In 1981, the Clulees sold a one-third interest in that property to the Saias.
In 1989, the Clulees began to use the Morgan Street extension in their business of hauling crushed rock off of barges on the river. The Giambellucas, [4who disputed the Clulees’ right to use the road, constructed a gate on their property to block access to the road.
In 1990, the Clulees filed suit seeking a declaratory judgment that the Morgan Street extension in Hahnville, Louisiana from the River Road to the Mississippi River had been “impliedly” dedicated as a *217 public road, and, therefore, could not be blocked. On September 4, 1991, the trial court declared that the Morgan Street extension was a public roach[5]
Subsequently, on May 19, 1992, at the Clulees’ request, the St. Charles Parish Council declared that the Morgan Street extension served no public interest and no longer constituted property utilized or needed by the public. That day, the Council issued ordinance number 92-5-20 revoking and abandoning the Morgan Street Extension as a public road.[6]
On March 12, 1993, the Giambellucas filed suit, seeking revocation of ordinance number 92-5-20. They also wanted in-junctive relief to prevent the Parish from destroying the levee-crossing ramp that formed part of the Morgan Street Extension, and a writ of mandamus directing the Parish to restore the levee-crossing ramp or, in the alternative, to create a right of passage over adjoining land.[7] The trial judge dismissed the claims but, on appeal, this Court remanded for a trial of the issues on the merits.
On remand, the trial court declared the St. Charles Parish ordinance void and unenforceable in part. On appeal, this Court set aside St. Charles Parish Ordinance 92-5-20 with regard to Morgan Street from River Road to the levee and the public | ¿ramp over the levee.[8] This Court, however, affirmed the revocation of the dedication of the road over the batture or the Morgan Street extension. Id.
When the Giambellucas again tried to assert control over the entire batture road, the Clulees sought a declaratory judgment regarding the ownership of the former Morgan Road extension. Subsequently, the trial court declared that the Clulees owned the southern half of the Morgan Street extension, which abuts their property, and the Giambellucas owned the northern half of the Morgan Street extension, which abutted their property.[9] This Court affirmed that judgment, finding that by operation of law, “the parties each acquired one-half of the [Morgan Street] road bed when the Parish revoked [its] dedication.”[10] Clulee v. Giambelluca, 777 So.2d at 1262.
Meanwhile, to satisfy an earlier judgment, Louisiana Materials provoked the sheriffs sale of the Clulees’ two-thirds interest in the Rivarde Place on January 27, 1993.[11] On April 15,1993, Louisiana Mate *218 rials sold its recently-obtained two-thirds interest in the Rivarde Place to Bayou Fleet Partnership. Therefore, in 1993, Bayou Fleet did have a two-thirds ownership interest in the entire Rivarde tract. The remaining one-third interest in that property was owned by the Saia family.
On February 12,1996, after a number of clashes with the Saias over property rights, Bayou Fleet petitioned to have the Rivarde Place partitioned by licitation. After the litigation began, Home Place Batture Leasing, Inc. (“Home Place”), through Neal Clulee, purchased the Saias’ one-third interest in the Rivarde | (iPlace.[12] Thus, in 1996, Home Place Batture Leasing through the Clulees owned one-third of the Rivarde Place and Bayou Fleet owned two-thirds of Rivarde Place.
At trial, the district court judge ordered that the property be partitioned by licitation and sold at public auction by the Sheriff. Home Place appealed that ruling. After careful review of the record, this Court found that the trial judge erred as a matter of law, reversed the judgment, ordered that the property be partitioned in kind, and remanded to the district court for further proceedings.[13]
On May 27,1999, when the property was partitioned in kind, the Clulees were awarded, pursuant to law, the northernmost one-third of the entire Rivarde Place, which abutted Morgan Road and the former Morgan Road extension. Bayou Fleet was awarded ownership and all its attendant rights to the other two-thirds, or the remaining and southernmost portion, of the Rivarde Place.
On March 22, 2002, the Clulees and Home Place Batture Leasing, Inc. sued the Giambellucas, Beverly Construction C., LLC, and Phillip Family, LLC, for damages for continued trespass onto the Clu-lees’ 25-foot strip of batture land, including conversion of sand from the Clulees’ batture land and interference with the Clu-lees’ use and enjoyment of their property. Later that year, on October 16, 2002, Bayou Fleet filed a Motion for Leave to file an Intervention, on the basis that it was also entitled to damages because it still held a two-thirds interest in the Morgan Street extension. In sum, Bayou Fleet argues that it still holds a two-thirds interest in the 25-foot strip of batture land formerly known as the Morgan Street extension because the strip was never named in or added to any property 17description when the land was transferred after the road was undedicated by the Parish.
On September 18, 2007 at the hearing on Motion for Leave to Intervene, Bayou Fleet introduced evidence, including various Acts of Sale of all or part of Rivarde Place dating back to 1974; the 1999 Judgment of Partition of Rivarde Place; property tax records; a certified copy of St. Charles Parish ordinance 92-5-20 revoking the Morgan Street dedication; and reported opinions of this Court on rights of various parties with respect to Rivarde Place. At that same hearing, the Clulees introduced virtually the same documents, including documents to support the chain of title; property tax records; judgments from the district court and opinions from this Court.
On December 14, 2007, the trial judge dismissed “Bayou Fleet Partnership’s In *219 tervention to be declared owner of a two-third [2/3] undivided interest in the Southern twenty-five [25] feet of the property comprising the Morgan Street Extension.” Further, the trial judge denied “Bayou Fleet Partnership’s request ... that the Court declare a Right of Passage across the plaintiffs’ property” ... “as not plead and suitable for adjudication in this intervention proceeding.” Furthermore, the trial judge made the following findings of fact:
This case arises out of a property dispute between the intervener, Bayou Fleet Partnership [hereinafter Bayou Fleet], who contends that it owns a two-third [2/3] undivided interest in the southern twenty-five (25) feet of the roadway property referred to as the “Morgan Street Extension,” and the plaintiffs, Mary Clulee, Neal Clulee and Home Place Batture Leasing Inc. [hereinafter Mary Clulee, et al], who claim they are the sole owners of the southern twenty-five (25) feet of the Morgan Street Extension because they are the owners of the directly adjacent property; additionally, they claim Bayou Fleet never acquired an interest in the “Morgan Street Extension,” since Bayou Fleet’s acquisition documents originating from a Sheriffs Sale failed to include a legal description of the “Morgan Street Extension.”
Prior to 1992, the Morgan Street Extension was a public road owned and maintained by the Parish of St. Charles, State of Louisiana. |8The Morgan Street Extension is an unpaved road running east to west over the Mississippi River levee and dead-ending into the Mississippi River. On May 19,1992, the St. Charles Parish Council adopted an ordinance whereby the Parish revoked and abandoned the Morgan Street Extension. At the time of the revocation, Mary and Neal Clulee together with Salvador Saia owned the property south of the Morgan Street Extension, and the Giambelluea Family owned the property north of the Morgan Street Extension.
On January 27, 1993, the Clulees’ interest in the Mississippi River batture property south of the Morgan Street Extension was sold at Sheriffs Sale to Louisiana Materials Co., Inc. (a company related in interest to Intervener). However, the Sheriffs sale to Louisiana Materials Company, Inc did not include the legal description of the property comprising the Morgan Street Extension. Intervener, Bayou Fleet, subsequently acquired Louisiana Materials Co.’s interest in the Mississippi River batture property south of the Morgan Street Extension while Home Place Bat-ture Leasing acquired a one-third [1/3] interest in the property from the heirs of Salvador Saia. Despite numerous transfers of the property adjacent to the Morgan Street Extension, the property comprising the Morgan Street Extension was never included in any legal description on acquisition documents by Intervener.
On June 2, 1999 Intervener Bayou Fleet obtained a Judgment of Partition of the property south of the Morgan Street Extension from the 24th Judicial District Court in Jefferson Parish. The partition of the property resulted in (1) Home Place Batture Leasing obtaining the lot adjacent to the property comprising the Morgan Street Extension and (2) Bayou Fleet obtaining the remaining two [2] lots which do not front on the property comprising the Morgan Street Extension. Following this, on February 18, 2000, the 29th Judicial District Court, Division C, in case number 51,-940, entitled Mary Clulee wife of/ and Neal Clulee and Home Place Batture Leasing, Inc., vs. Nicholas P. Giambel- *220 lúea, Michael J. Giambelluea, and Giam-belluca Land & Development Co., Inc., issued a judgment recognizing: (1) Mary and Neal Clulee as the owners of the southern 25 ft. of the property comprising the Morgan Street Extension and (2) Nicholas P. Giambelluea and Michael J. Giambelluea as the owners of the northern twenty-five [25] feet. It is important to note that Bayou Fleet filed a Motion to Intervene prior to the court’s ruling in this case (number 51,940 Mary Clulee wife of/ and Neal Clulee and Home Place Batture Leasing, Inc., vs. Nicholas P. Giambelluea, Michael J. Gi-ambelluca, and Giambelluea Land & Development Co., Inc.) alleging Bayou Fleet’s ownership interest in the Morgan Street Extension roadway. The trial court denied the Motion to Intervene as untimely. Bayou Fleet filed a Supervisory Wi’it with the Louisiana 5th[sic] Circuit Court of Appeals which affirmed the lower court’s decision.
|nAt trial Bayou Fleet argued that it is entitled to a two-thirds [2/3] ownership interest in the Southern twenty-five [25] feet of the roadway comprising the Morgan Street Extension because: (1) at the time of the Parish’s revocation the ownership of the property comprising the Morgan Street Extension “reverted to the then present owner or owners of the land contiguous thereto,” (citing Martin v. Fuller, 214 La. 404, 37 So.2d 851 (La.1948)); and (2) Bayou Fleet is the successor in interest, by vii’tue of chain of title, to the owners of the adjacent property at the time of the Parish’s revocation of the Morgan Street Extension. The Court however is not persuaded by Bayou Fleet’s suggestion that Martin v. Fuller ... is necessarily dispositive of the case at bar. The Court notes that Bayou Fleet, although a subsequent purchaser of an ownership interest in the adjacent property, was not the “present owner” of an interest in the adjacent property at the time of the public revocation and abandonment of the roadway. Furthermore, to acknowledge Bayou Fleet’s ownership interest in the Southern twenty-five (25) feet of the property comprising the Morgan Street Extension, Bayou Fleet’s chain of title must necessarily comport with traditional requirements governing transfers of interest in real property, which requires parties to a transfer of real property to provide a legal description of that property. Unfortunately for Bayou Fleet the legal description of the property comprising the Morgan Street Extension was not included in the Sheriffs sale documents or any other ownership transfer document to Bayou Fleet.
Bayou Fleet’s request at trial to grant a Louisiana Civil Code Article 689 Right of Passage is denied as not plead and developed for litigation by Bayou Fleet’s intervening pleadings in this case. The testimony of Intervener’s representative, Mr. Robin Durant, merely asserted that Bayou Fleet’s property was landlocked. Neither the intervening pleadings nor the evidence at trial established the LCC [sic] Article 691 and 692 prerequisites for a right of passage (location of road, type of road, construction specifications, etc) and therefore, Bayou Fleet’s request that the Court grant a Right of Passage across the property belonging to the plaintiffs, Mary Clulee, et al, must be denied in this litigation. That issue is reserved for future resolution. (Emphasis added).
La. C.C.P. art. 1091 provides, in pertinent part:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action *221 against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
 IiqTo be allowed to intervene, the challenge is two-fold: the intervener must have a justiciable interest in, and a connexity to, the principal action.[14] “[Justiciable right” as it is used in the context of an intervention as “the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it.”[15] The jurisprudence has held that the justiciable right must be “so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervener’s rights.” [16]
In this case, the trial judge found that Bayou Fleet did not prove that it had a current ownership interest in the former Morgan Street extension necessary to establish a justiciable interest in the Clulees’ suit for trespass against the Giambellucas and their successors-in-interest. Upon review, we cannot say that the trial judge was clearly wrong. Pursuant to the 1999 partition sought by Bayou Fleet, the Clu-lees obtained 100% of the rights particular to the northernmost one-third of the Ri-varde Place, which happened to include ownership of the adjacent 25-foot strip formerly known as the Morgan Street extension. Bayou Fleet did not introduce evidence to the contrary. Accordingly, we find that the trial court was correct in refusing to allow Bayou Fleet’s intervention.
Bayou Fleet further ' argues that the trial judge erred in failing to award it a right of passage “across the Clulees’ property at a point fronting the Mississippi River in an area not affected by seasonal flooding.” The trial judge denied this claim because it was not plead. We agree. Bayou Fleet’s Petition for Intervention _[nfocused on establishing an ownership right in the batture road to share in any award in favor of the Clulees for trespass by the neighboring landowner.
The trial judge further found that Bayou Fleet had not introduced evidence to establish a right of passage. Upon review, we find that Bayou Fleet did not introduce evidence that it was an enclosed estate or other elements necessary to support burdening its neighboring estate with a servitude. See La. C.C. art 690 et aeq. Based on the foregoing, we affirm the trial court’s refusal to adjudicate Bayou Fleet’s right of passage as well as the trial court’s dismissal of Bayou Fleet’s Petition for Intervention. Costs of this appeal are taxed solely to Bayou Fleet Partnership.

AFFIRMED.

WICKER, J., dissents in part.

. Batture is the property between the toe of the levee and the low watermark of a naviga *216 ble water body. Here, the property, which is approximately 23 miles upriver from New Orleans, Louisiana, is between the toe of the levee and the Mississippi River in St. Charles Parish.

. Clulee v. Giambelluca, 00-1057 (La.App. 5 Cir. 1/23/01), 777 So.2d 1259, 1260-1261, writ denied, 01-0789 (La.5/4/01), 791 So.2d 660.

. Id.

. Giambelluca v. Parish of St. Charles, 96-364 (La.App. 5 Cir. 11/14/96), 687 So.2d 423, 425-426, writs denied, 96-3096 (La.2/21/97), 688 So.2d 512; 97-0160 (La.2/21/97), 688 So.2d 513

. Id.

. The parties introduced a certified copy of the revocation ordinance into evidence at trial and the trial court took judicial notice of that ordinance. La. C.E. art. 202(A); Bayou Liberty Ass'n, Inc. v. St. Tammany Parish Council, 05-1228 (La.App. 1 Cir. 6/9/06), 938 So.2d 724, 729(judicial notice is mandatory, even without request, as to ordinances enacted by any political subdivision within the court's territorial jurisdiction, if a certified copy of the ordinance is filed with the clerk of court).

. Giambelluca v. The Parish of St. Charles, 626 So.2d 740 (La.App. 5 Cir.1993).

. Giambelluca v. Parish of St. Charles, 96-364 (La.App. 5 Cir. 11/14/96), 687 So.2d 423, writs denied, 96-3096 (La.2/21/97), 688 So.2d 512; 97-0160 (La.2/21/97), 688 So.2d 513.

. The trial court ruled on February 18, 2000.

. Clulee v. Giambelluca, 777 So.2d at 1262. The Louisiana Supreme Court denied writs. Clulee v. Giambelluca, 01-0789 (La.5/4/01), 791 So.2d 660. That judgment was final when the delay for rehearing expired, which was well before the instant action was instituted.

. In 1989, Louisiana Materials, Co., Inc. sued on an open account and the Clulees, among others, were cast in judgment for $39,434.41 plus interest, costs, and attorney fees. The Sheriffs Sale of the Clulees’ interest in Rivarde Place was recorded on January 29, 1993.

. On June 11, 1996, Home Place intervened in Bayou Fleet’s suit, praying that the property be partitioned in kind. Bayou Fleet Partnership v. Saia, 98-306 (La.App. 5 Cir. 2/5/99), 745 So.2d 629, 629-632. The Saia family was later dismissed from the suit.

. Bayou Fleet Partnership v. Saia, 98-306 (La.App. 5 Cir. 2/5/99), 745 So.2d 629, 629-632, writ denied, 99-459 (La.4/1/99), 742 So.2d 559.

. Livingston Downs Racing Association, Inc. v. State, Through Edwards, 96-1988 (La.App. 1 Cir. 9/23/97) 700 So.2d 1021, 1023.

. Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4 Cir.), writs denied, 459 So.2d 542 (La.1984), 459 So.2d 543 (La.1984).

. Livingston Downs Racing Association, Inc. v. State, Through Edwards, 700 So.2d at 1024.